WM. W. FLOURNOY, *Plaintiff in Error,* v. INTERSTATE ELECTRIC COMPANY, A CORPORATION, *Defendant in Error.*

1.  A witness may testify as to facts constituting his agency.

2.  The refusal to instruct must be excepted to at the time of refusal, to avail as error.

3.  When alleged instructions appear only in the assignments of error, they will not be considered.

This case was decided by Division A.

Writ of error to the Circuit Court for Walton County.

. The facts in the case are stated in the opinion of the court.

*Wm. W. Flournoy,* for Plaintiff in Error;

*W. O. Butler,* for Defendant in Error.

COCKRELL, J.—The Electric Company obtained judgment upon the common counts for electrical supplies furnished the plaintiff in error for a building, which was burned before the work was completed.

There is no error assigned upon the overruling of the motion for a new trial and we are not therefore concerned with the sufficiency of the evidence nor the alleged excessiveness of the verdict, which is in proper form.

The rule rendering inadmissible an extra judicial statement as to agency does not forbid a witness upon the stand testifying as to facts constituting his agency. The agency was sufficiently shown, in the absence of any evidence to the contrary, to be assumed as a fact by the court.

To avail as error, the refusal to instruct must be ex cepted to at the time, and where the supposed instruction appears only in the assignments of error, it will not be considered.

While several of the charges given are assigned for error they do not appear to have been excepted to either at the time they were given, or in the motion for a new trial, and are not properly before us.

There is one charge possibly here for consideration, which is briefly referred to in the motion for new trial, to the effect that delivery to a common carrier is delivery to the defendant. No objection is made to this as an abstract charge and under the circumstances of this case we find no objection to it here. If any qualification of the charge had been desired, it should have been requested.

We find no error and the judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.