### PEOPLE v. BINK.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. CRIMINAL LAW (§ 1024\*)—APPEAL—RIGHT OF STATE TO APPEAL.

   Under Code Cr. Proc. § 518, the people may appeal from a judgment sustaining a demurrer to the indictment, although the right to resubmit the case to the grand jury has been granted.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2599–2614; Dec. Dig. § 1024.\*]

2. NUISANCE (§ 60\*)—"PUBLIC NUISANCE"—NATURE OF INJURY—CRIMINAL LIABILITY.

   Acts become criminal within Penal Law, § 1530 (Consol. Laws 1909, c. 40), defining a public nuisance as the unlawful doing of an act which annoys, injures, or endangers the comfort, repose, health, or safety of any considerable number of persons, when a considerable number of persons are "annoyed" by them.

   [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 137; Dec. Dig. § 60.\*

   For other definitions, see Words and Phrases, vol. 6, pp. 5799–5804.]

3. NUISANCE (§ 91\*)—INDICTMENT—SUFFICIENCY.

   Since acts which annoy necessarily injure the comfort and repose of others, an indictment charging that acts "annoyed" a considerable number of persons was sufficient to charge acts which not only annoyed, but which injured the comfort and repose of a considerable number of persons, so as to constitute a public nuisance as defined by Penal Law, § 1530 (Consol. Laws 1909, c. 40), and give the defendant full notice of the charge against him.

   [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 206–211; Dec. Dig. § 91.\*]

   Betts, J., dissenting.

Appeal from Saratoga County Court.

Edward Bink was indicted for maintaining a public nuisance. His demurrer thereto was sustained, and the People appeal. Reversed, and demurrer overruled, with leave to defendant to plead anew.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

William T. Moore, of Mechanicville, for the People.

Leary & Fullerton, of Saratoga Springs (Walter A. Fullerton, of Saratoga Springs, of counsel), for respondent.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH, P. J. The indictment challenged charged that the defendant near a public highway in the town of Stillwater, upon which said public highway a large number of people were daily passing and repassing, and in the vicinity and near the dwelling houses of a large number of people then and there living and residing, did unlawfully keep, maintain, and conduct a certain building, stove, boiler, cauldron, place, and establishment, and did cause and procure to be kept, maintained and conducted a certain building, stove, boiler, cauldron, place, and establishment, for the purpose of cooking, boiling, melting, trying, and rendering putrid and decayed meat, bones and tallow, and did then and there cook, boil, melt, and render large quantities of putrid and decayed meat, bones and tallow, by reason of which unwholesome gases, vapors, odors, and stenches were emitted, so that the air at different times became filled and impregnated with the smokes, gases, vapors, odors, and stenches, and was thereby rendered corrupt, offensive, and unwholesome, and that by reason thereof the defendant did seriously annoy a considerable number of persons then and there passing and repassing upon said public highway, and then and there living and residing in the vicinity of said building, stove, etc. The indictment then named several persons who were annoyed thereby. To this indictment the defendant demurred, and his demurrer has been sustained by the court below, and from the order sustaining the demurrer this appeal is taken by the people.

[1] The first question raised is as to the right of the people to appeal. In the decision sustaining the demurrer the right was given to resubmit the case to the grand jury, and it is claimed that with the privilege of resubmission the people have no right to appeal. The right to appeal is given by section 518 of the Code of Criminal Procedure, which authorizes an appeal by the people "upon a judgment for the defendant, on a demurrer to the indictment." This right of appeal is not conditioned upon the fact that no right of resubmission is given. The appeal is not from the order allowing or directing a resubmission, but from the order and decision sustaining the demurrer to the indictment. If that indictment be deemed by the district attorney to be a good one, we see no reason why the matter should be returned to the grand jury, or why the right to resubmit should take from the people the right of appeal which is given unconditionally by the statute above cited. The case of the People v. Zerillo, 200 N. Y. 443, 93 N. E. 1108, cited by the defendant, was an appeal by "the defendant" from an order of resubmission, and not an appeal by the people from a decision sustaining a demurrer to an indictment.

[2] This brings us to the merits of the appeal. By section 1530 of the Penal Law (Consol. Laws 1909, c. 40) a public nuisance is defined as the unlawful doing of an act which "annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons." The demurrer has been sustained on the ground that the allegation is simply that the acts of the defendant "annoyed" a considerable number of persons, omitting any act that it "injured the comfort, repose, health or safety" of such persons. By reasonable interpretation, however, the acts become a crime within the statute

when they annoyed a considerable number of persons. To interpret the statute that such acts must annoy "the comfort, repose, health or safety" of those persons would be an unnatural straining of the provisions of the act.

[3] Moreover, you cannot annoy a person without injuring his comfort or repose, and, however strictly the statute should be construed, the crime is fairly alleged, so as to give the defendant full notice of the charge intended to be made against him, and any imperfection in its statement in no way tends to prejudice the substantial rights of the defendant upon the merits. See People v. Helmer,. 154 N. Y. 596, 49 N. E. 249; People v. Willis, 158 N. Y. 392, 53 N. E. 29; People v. Lammerts, 164 N. Y. 137, 58 N. E. 22. We are of opinion that the demurrer was improperly sustained, and therefore that the order should be reversed and the demurrer overruled, with leave to defendant to plead anew.

Judgment reversed and demurrer overruled, with leave to defendant to plead anew. All concur, except BETTS, J., dissenting.