W. G. RICHARDSON, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed October 13, 1930.

*Frank Clark, Jr., Thomas W. Fielding* and *Furman Y. Smith,* for Plaintiff in Error;

*Fred H. Davis,* Atty. Gen., *Roy Campbell,* Asst. and *J. C. Adkins,* State Attorney, for the State.

ELLIS, J.—On the 11th day of June, 1929, an indictment charging the plaintiff in error with the murder of George F. Mason was filed in open court. It was endorsed "a true bill" by the foreman of the grand jury. The accused was arraigned upon that indictment and pleaded not guilty. No attack was made upon the indictment as not having been delivered into court by the grand jury. It bears the indorsement of the foreman of the grand jury and the file mark of the clerk. The record recites that the State of Florida came and filed in open court an indictment against the defendant who, in the caption of the extended record, is described as W. G. Richardson. The indictment is set out in full and bears the indorsements as stated.

In the absence of any specific attack upon the sufficiency of the record as showing a presentment of the indictment in open court by a grand jury, we hold that the record is sufficient. See State v. Pearce, 14 Fla. 153; Collins v. State, 13 Fla. 651.

On the 24th day of June, 1929, the accused interposed a motion to set aside his plea of not guilty and for leave to file a plea in abatement. The grounds for the motion are in substance that the defendant "was arraigned upon an alleged indictment in this honorable court without presence or advice of any of the undersigned attorneys"; that without their advice he pleaded not guilty to the "indictment which is now in force and effect." The motion recited that a previous indictment returned June 10, 1929, had been *"nol prossed"* because of certain defects.

The motion then proceeds with an argument to the effect that as the responsibility for the defense rests upon the undersigned attorneys the "arraignment" of the defendant on June 11, 1929, should be set aside and he should be permitted to "plead or make such motions to the indictment now on file in this court as he may be advised." The motion was treated as one to be allowed to withdraw the plea of not guilty with leave to interpose a plea in abatement.

The plea in abatement, which was attached to the motion and made a part of it, avers that "the paper or writing returned into and filed in this court on the 11th day of June, A. D. 1929, purporting to be an indictment charging the defendant with the crime of murder in the first degree was not and is not an indictment by a grand jury of Alachua County, Florida." The reason given for the averment is that "no witness or witnesses gave evidence under oath before said grand jury upon which said so-called indictment could be predicated or found and said indictment was found by said grand jury without any evidence having been submitted to said grand jury." The motion was denied and the ruling constitutes the basis of the first assignment of error.

The order denying the motion recites that the indictment was presented in open court on June 11, 1929, that at that time the "defendant was present by counsel, and a motion was filed to quash the indictment, which motion was denied; and that the defendant then and there was arraigned and in the presence of his counsel entered his plea of not guilty to said indictment."

The matter of permitting one accused of crime to withdraw a plea of not guilty that he might interpose a plea in abatement to the accusation against him is one addressed to the sound discretion of the court and where the request is

denied the ruling is subject to reversal only for abuse of discretion. See Savage v. State, 18 Fla. 909; Adams v. State, 28 Fla. 511, 10 So. R. 106; Knight v. State, 44 Fla. 94, 32 So. R. 110; Mercer v. State, 83 Fla. 555, 92 So. R. 535; Shumake v. State, 90 Fla. 133, 105 So. R. 314.

In nearly all the decisions of this Court upon this proposition doubt is expressed as to whether an appellate court will ever interfere with the trial court's discretion in denying a motion to be allowed to withdraw a plea of not guilty in order to allow a plea in abatement to be filed to the indictment, nevertheless in many of the cases the plea was examined and found to contain no merit.

So we will examine the plea tendered in this case. In the first place no point is made that the plea of not guilty was not voluntarily interposed by the defendant nor that it was even interposed without the advice of counsel. It only appears that counsel who signed the motion did not advise him to interpose the plea and that responsibility for the defense of the defendant rests upon them. This fact appears in the body of the motion which is signed by defendant's counsel. Nothing, however, appears in the record in connection with the motion why counsel did not meet the responsibility when the defendant was arraigned and pleaded not guilty. Counsel explained in their brief as well as in the oral argument that on the 10th day of June, 1929, when the defendant was brought into court to plead to the indictment one of the attorneys residing in the city of Gainesville was engaged in the trial of a cause in the Federal court and two of the attorneys were out of the city. But the indictment presented on the 10th was quashed. It was to the indictment presented on the 11th day of June, the following day, that the defendant pleaded not guilty. Not until the 24th day of the same month was the motion

presented for leave to withdraw the plea of not guilty and interpose the plea in abatement.

It is asserted by counsel in their brief that the Constitution and laws of Florida provide that "no indictment can be returned against a citizen without there having been evidence presented to the grand jury upon which said indictment could be predicated."

The provision of the Constitution of Florida upon the subject is found in Section 10 of the Declaration of Rights. It is as follows: "No person shall be tried for a capital crime or felony, unless on presentment or indictment by a grand jury, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep, in time of peace."

The purpose of that is to protect the citizen against a trial in the enumerated cases in the circuit courts of this State except upon presentment or indictment by such a grand jury as was known at the common law. See English v. State, 31 Fla. 340, 12 So. R. 689; Donald v. State, 31 Fla. 255, 12 So. R. 695;

Nothing is contained in either the Constitution or statutes requiring evidence to be submitted before the grand jury as a prerequisite to a valid presentment or indictment against a citizen charging him with the commission of a capital crime. The rule has been adopted in this State that a court for the purpose of quashing an indictment will never inquire into the character of the evidence that influenced a grand jury in finding such indictment. See Mercer v. State, 40 Fla. 216, 24 So. R. 154.

In that case the defendant pleaded in abatement to the indictment on which he was convicted that no "witnesses were examined by the grand jury" as to the charges against

the defendant. The facts were similar to those in the case at bar. There were two indictments, one returned on the 9th of June, 1897, and the other on which the defendant was tried was returned on the 10th of June, the day following after the first indictment had been *nolle prosequied.* The the plea seemingly admitted that the grand jury had examined witnesses and heard evidence on the charges before returning the first indictment but averred that when that indictment was dismissed the jury examined no other witness nor heard any evidence in the meantime and before returning the second indictment. The court held the plea to be had under the rule stated. The plea in the case at bar does not negative the idea that the grand jury had evidence before it heard witnesses as to the charge before returning the first indictment nor does it negative the idea that the two indictments were for the same offense. So the Mercer case *supra* is decisive of the point presented here. See also Taylor v. State, 49 Fla. 69, text 88, 38 So. R. 380.

The rule contended for by counsel for the plaintiff in error is manifestly unsound because if one against whom an indictment is returned charging him with a criminal offense may enquire whether any witnesses were examined before the grand jury upon the charge or whether any evidence was heard by it upon such charges he could question both the relevancy and sufficiency of such evidence if witnesses were examined, because if witnesses were examined who said nothing material to the charge it follows that no evidence was produced as to the charge. The rule contended for also precludes the idea that a grand jury may by its own presentment direct an indictment to be found instead of having the state attorney prepare a bill and after hearing evidence upon it find it to be a true bill. These questions, however, are not controlling in this case as the plea was inherently defective in not excluding the

idea that evidence was heard by the grand jury before it returned the first indictment and that the second was for an identical offense.

We are of the opinion, therefore, that there is no merit in the first assignment of error.

The second assignment deals with the trial court's refusal to give the following instruction:

"2. The court charges you that a party may have a perfect right to self-defense, though he may not be entirely free from blame or wrong in the transaction, if the blamable or wrongful act was not intended to produce the occasion, nor an act which was under the circumstances reasonably calculated to produce the occasion, or provoke difficulty, then the right of self-defense would be complete, though the act be not blameless."

The refusal to give the instruction was not excepted to by the plaintiff in error. See McKinney v. State, 74 Fla. 25, 76 So. R. 333.

The exception to a refusal to charge as requested should be taken at the time of such refusal. It cannot be taken to the ruling on a motion for new trial based on such refusal. See Shepherd v. State, 36 Fla. 374, 18 So. R. 773; Lester v. State, 37 Fla. 382, 20 So. R. 232; Milton v. State, 40 Fla. 251, 24 So. R. 60; Thomas v. State, 49 Fla. 123, 38 So. R. 516; Hobbs v. State, 83 Fla. 480, 91 So. R. 555, Ammons v. State, 88 Fla. 444, 102 So. R. 642.

Only such charges as were actually given can be excepted to through the medium of a motion for a new trial. See Mathis v. State, 45 Fla. 46, 34 So. R. 287; Carr v. State, 45 Fla. 11, 34 So. R. 892; Clark v. State, 59 Fla. 9, 52 So. R. 518.

Under the provisions of Section 4367, Comp. Gen. Laws 1927, (Section 1092, Rev. Stats., 1892) only such charges as were actually given can be excepted to through the medium of a motion for a new trial. Refusals to give requested instruction cannot be excepted to in this manner but exceptions to such refusals must be taken and noted *at the time* of such refusals otherwise they cannot be considered on writ of error. Burroughs v. State, 17 Fla. 643; Lester v. State, *supra;* Flournoy v. Interstate Electric Co., 61 Fla. 216, 55 So. R. 843.

The motion for a new trial does not contain an exception to the refusal to give any certain requested instruction and only a most general exception is taken to the charges *en masse* as actually given.

Twenty-three of the assignments of error are made upon the court's refusal to give certain requested instructions, each refusal made the basis of a separate assignment of error. In this manner it is attempted to attack the court's refusal to give twenty-three instructions requested by the defendant's counsel.

The reason for the rule announced above and embodied in Section 4367 Comp. Gen. Laws *supra,* has been given time and again by this Court in many of the cases cited and others to which it is unnecessary to refer. We follow that rule in this case and will not consider the assignments based upon the Court's refusal to give each requested instruction further than to say that after examining the evidence as set out in the bill of exceptions and the charges of the court as given to the jury and examination of the entire case we find that no substantial error was committed in the trial of the cause and no error complained of has resulted in a miscarriage of justice. Sec. 4499 Comp. Gen. Laws 1927.

The motion in arrest of judgment which was overruled and which order is made the basis of the twenty-fifth assignment of error involves the same question discussed in the first assignment of error in which there is no merit.

The twenty-sixth assignment of error attacks the sufficiency of the evidence to support the verdict.

The plaintiff in error was convicted of manslaughter upon a charge of murder in the first degree. The name of the man killed was George F. Mason, his occupation was that of an attorney at law and he had an office "upstairs" over the Thomas Hardware Company's store. The defendant went to Mason's office on the morning of June 7, 1929, armed with a pistol. After an altercation with Mason and having retreated to the hallway, he advanced to the door again, drew his pistol, and fired upon Mason, killing him, for which the accused was indicted for murder and found guilty of manslaughter.

There is some conflict in the testimony as to the details of the transaction, but the most favorable construction which may be placed upon the version of the affair as given by the witness for the defense seems to the Court, as the evidence is read in the bill of exceptions, that the defendant, the plaintiff in error here, fired the shot after he had retreated to a place of safety beyond the office of the deceased and when he stood in no further danger from the deceased. He seemed to have been unduly swayed in judgment to the point of abandoning precaution and prudence by an excited state of mind and consuming resentment for a wrong which he asserted had been committed upon him by the deceased. It was apparently in deference to this thought that the jury returned a verdict for manslaughter only. In an examination of the entire case and consideration of all arguments of counsel both written and oral we are unable to say that any error was committed

by the trial court which resulted in a miscarriage of justice.

The judgment of the court is therefore hereby affirmed.

TERRELL, C. J., and BROWN, J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.