Edmund A. McCarthy, J.
This is a motion to dismiss the indictment against Michael Dudish on the grounds that the defendant, Michael Dudish, testified before the Grand Jury that indicted him without the formality of signing a waiver of immunity.
*857 The moving papers indicate that there was presented to the February, 1957 Grand Jury a criminal matter entitled, “ The People of the State of New York against Richard Gillen, Herman Oongdon and Donald P. March, and re; investigation of .Earl Barhydt.” The defendant was served five subpoenas to appear on different days at different hours to cover different phases of these proceedings. In none of these subpoenas was the defendant named as a party defendant.
He first appeared before the Grand Jury on February 6, and was sworn as a witness and gave certain testimony upon which an indictment might be predicated. He returned at a later date to give additional testimony and at still a later date, he continued his testimony before the Grand Jury. The record does not indicate that on any of these occasions he was given any warning as to his constitutional rights or that he was advised or requested to sign a waiver of immunity.
Section 10 of the Code of Criminal Procedure of the State of New York provides that “ No person can be compelled in a criminal action to be a witness against himself ”,
The New York State Constitution (art. I, § 6) provides, “ nor shall he be compelled in any criminal case to be a witness against himself ’ \
A grand jury proceeding to determine whether a crime has been committed is a criminal case. (People ex rel. Taylor v. Forbes, 143 N. Y. 219.)
A perusal of the Grand Jury minutes of these cases and investigations indicates that other witnesses gave testimony concerning facts upon which the indictment against the defendant might have been presented by the Grand Jury; however, the defendant likewise gave evidence of facts which were admissions upon his part, upon which such an indictment could have been presented and he therefore, was a witness against himself and without warning of his constitutional protection.
Under the circumstances and upon the authorities long prevailing in New York State, it seems necessary that this indictment should be dismissed. This decision is based upon United States v. Edgerton (80 F. 374; People v. Gillette (126 App. Div. 665); People v. Rauch (140 Misc. 691) and Abramowitz v. Abramowitz (137 N. Y. S. 2d 442).
Constitutional privilege against self incrimination, unless timely invoked, is waived, except where incriminating testimony is elicited, without objection, from party unrepresented by counsel and unadvised of his or her rights with respect thereto.
Accordingly, the indictment presented to the Supreme Court by the February Grand Jury of Herkimer County entitled, the *858 People of the State of New York against Michael Dudish, for buying, receiving, concealing and withholding stolen or wrongfully acquired property in violation of section 1308 of the Penal Law of the State of New York, a felony, is hereby dismissed.
Proper evidence may be presented to a subsequent grand jury if deemed advisable.
Prepare order accordingly.