395 So.2d 1178 (1981)
STATE of Florida, Appellant,
v.
Hilmer B. SANDINI, Appellee.
No. 79-1810.
District Court of Appeal of Florida, Fourth District.
March 4, 1981.
Rehearing Denied April 22, 1981.
*1179 Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Douglas J. Glaid of Kay & Silber, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
The state appeals from a non-final order granting a motion to suppress evidence. The motion questioned the sufficiency of an affidavit to establish probable cause for the issuance of a search warrant, in the execution of which the evidence had been seized. The trial court held that the exclusionary rule rendered impermissible any reliance on information contained in the affidavit because it was supplied in violation of an attorney-client privilege. Since the court *1180 found that an attorney-client relationship existed at the time and in connection with the allegations contained in the affidavit, by necessary implication it determined that the information did not pertain to on-going criminal activity or fit within any other exception to the privilege.
Recitation of the factual background is unnecessary either to an understanding or to a resolution of the single issue to be treated by this opinion. Our determination that neither the exclusionary rule nor any other principle prohibits reliance on information volunteered by an attorney in violation of the attorney-client privilege for the establishment of probable cause renders moot the preliminary inquiries raised by appellant as to the existence and extent of the privilege on the specific facts of this case. The issue then is whether privileged material voluntarily offered by an attorney in violation of his duty to his client may be used to establish the probable cause necessary to support the issuance of a search warrant.
The argument advanced by appellee for application of some form of exclusionary rule in these circumstances is multifaceted. We therefore commence our consideration by addressing what appears on its face to be a logical assertion that this is a classic case for application of the exclusionary rule.
Firmly rooted in the jurisprudence of constitutional law is the precept that a search conducted pursuant to an illegal search warrant is unreasonable within the meaning of the Fourth Amendment to the Constitution of the United States and Article I, Section 12 of the Florida Constitution. Evidence obtained by virtue of an unreasonable search is inadmissible, either in federal or in a state court, by virtue of the exclusionary rule. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) the court explained portions of the rationale for the rule, stating:
The primary justification for the exclusionary rule then is the deterrence of police conduct that violates Fourth Amendment rights. Post-Mapp decisions have established that the rule is not a personal constitutional right. It is not calculated to redress the injury to the privacy of the victim....
... [D]espite the broad deterrent purpose of the exclusionary rule, it has never been interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons. As in the case of any remedial device, "the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served." Id. at 486, 96 S.Ct. at 3048, 99 L.Ed.2d at 1083 (citations omitted)
(emphasis supplied).
That rationale applies here, insists appellee, because use by the police of information voluntarily offered by an attorney in violation of the attorney-client privilege constitutes police misconduct.
It is true that the attorney for an accused could not be called by the state as a witness against his client, State v. Schroeder, 112 So.2d 257 (Fla. 1959), nor subpoenaed to provide information against his client's interests, Anderson v. State, 297 So.2d 871 (Fla.2d DCA 1974). It is equally clear that where the state surreptitiously intrudes upon an exchange of information between attorney and client that information becomes tainted and subject to exclusion. Coplon v. United States, 191 F.2d 749 (D.C. Cir.1951), cert. denied 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690 (1952). In each of these instances, however, the state has taken positive action which constitutes "police misconduct" within the context of the rule. This is not the case where the police are merely the passive recipients of information, from whatever source. For the classic rule to be invoked, there must be some deterrent effect to illegal conduct by or on behalf of the state. The act of accepting information in a lawful manner and acting upon it simply does not have any recognizable characteristics of police misconduct. Appellee's bare assertion to the contrary fails to even remotely persuade that police misconduct is involved here.
*1181 Appellee further suggests, however, that based upon Sixth Amendment and other considerations, the exclusionary rule should be extended to include "attorney-misconduct" in the form of violations of the attorney-client privilege.
The attorney-client privilege renders inadmissible in a criminal trial testimony of an attorney concerning communications which come within the privilege. Anderson v. State, supra. To this extent, then, we have an existing "exclusionary rule" applicable to privileged testimony. This exclusion also precludes the state from compelling the disclosure of privileged information at any stage of the proceedings. Thus the state could not compel the disclosures which occurred in the instant case. The exclusion of privileged communications is broader than the exclusion for police misconduct. For example, the former is available in the context of grand jury proceedings, State v. Schroeder, supra, whereas the latter is not. The unanswered question is whether this exclusion, already broader in scope, should be expanded still further to preclude the use of information furnished in violation of the privilege at any stage of criminal proceedings.
It is strenuously contended that an affirmative response is appropriate because (1) effective assistance of counsel may be denied if the accused is aware that counsel may voluntarily violate the attorney-client privilege to the detriment of the accused; and (2) the attorney-client privilege is emasculated if counsel may violate it with impunity.
In Anderson v. State, supra at 872, the court emphasized the limitations within which the attorney-client privilege operates. Quoting from Wigmore on Evidence, the court explained:
[T]he privilege remains an exception to the general duty to disclose. Its benefits are all indirect and speculative; its obstruction is plain and concrete. .. . It is worth preserving for the sake of a general policy, but it is nonetheless an obstacle to the investigation of the truth. It ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." 8 Wigmore, Evidence § 2291 (McNaughton rev. 1961).
Assuming, then, that the privilege is and should be relatively limited in its scope we perceive in these two arguments no sufficient justification for extending its ramifications to exclude the use of evidence voluntarily submitted by an attorney in violation of the privilege. Such evidence, therefore, is competent to establish the probable cause necessary to sustain issuance of a search warrant.
The Sixth Amendment argument is clearly unavailing. The denial of effective assistance of counsel refers only to the assistance to be rendered presently in the context of a criminal proceeding. Stevenson v. Reed, 391 F. Supp. 1375 (N.D.Miss. 1975), aff'd, 530 F.2d 1207 (5th Cir.1976), cert. denied, 429 U.S. 944, 97 S.Ct. 365, 50 L.Ed.2d 315 (1976). It has no reference to violations of the privilege by former counsel of the accused in prior matters.
Nor is threatened emasculation of the privilege a sufficient justification for creating an exclusion under these circumstances. To the extent that appellee has been damaged by a violation of the privilege, his remedy is by civil proceedings against his former attorney. Violation of the privilege by the attorney is punishable through machinery established by the Florida Bar and the Supreme Court for enforcing and punishing violations of the Code of Professional Responsibility. If both of these possibilities are insufficient to deter violations of the privilege, certainly a rule of exclusion would have little additional deterrent effect. As a matter of practicality in most cases the attorney will have little interest in whether or not the evidence is excluded.
Appellee next suggests that an affidavit, to be sufficient to support the issuance of a search warrant, must be based upon "competent" evidence given by a "competent" witness. Applying this proposition to the present case, appellee contends that information furnished in violation of the attorney-client privilege is not competent *1182 evidence and that an attorney disclosing such information is not a competent witness. In the context of an affidavit for a search warrant, though, competency refers not to the admissibility of the evidence at trial or to the capacity of the source of the information to testify; rather it refers to the reliability of the information and its source. See State v. Wolff, 310 So.2d 729 (Fla. 1975). Thus, hearsay information, although inadmissible as evidence in a trial, may constitutionally form the basis of an affidavit for a search warrant. State v. Wolff, supra.
Appellee suggests that an exclusionary rule should be created to prevent or deter the unreasonable interception of private communications, prohibited by Article I, Section 12 of the Florida Constitution. To reach this issue we would first have to make a determination that the act of a police officer in listening to an attorney voluntarily giving him information in violation of the attorney-client privilege is guilty of the unreasonable interception of a private communication. Aside from being a contradiction in terms, we are unable to discern what it is that could be considered "unreasonable" under these circumstances. We therefore reject the hypothesis.
Finally, appellee argues that an exclusionary rule is essential to the continued vitality of the attorney-client privilege. As previously discussed, an exclusionary rule would have little (if any) deterrent effect on intentional violators of the privilege.
We therefore hold that the order granting the motion to suppress evidence protected by the attorney-client privilege is erroneous and is hereby reversed.
The case is remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD, J., concurs.
BERANEK, J., concurs specially with opinion.
BERANEK, Judge, concurring specially:
I concur in the result reached by the majority. My review of the record leads me to conclude that the matters disclosed by the attorney were in the nature of ongoing and future criminal conduct. As such, they were not within the attorney-client privilege.