PER CURIAM.
This is an appeal[1] from a Leon County Circuit Court judgment of contempt and order of commitment of appellant by reason of his refusal to obey the court’s order requiring him to testify in response to a civil investigative demand issued by the Attorney General pursuant to Section 542.-28(1), Florida Statutes (1981). The Attorney General was conducting a civil antitrust investigation authorized by the “Florida Antitrust Act of 1980,” Chapter 542, Florida Statutes. A few days prior to the order of contempt, appellant had declined to answer questions propounded by the Attorney General on the Fifth Amendment grounds that his answers would incriminate him. Subsequent thereto, the Attorney General in *875 voked the immunity provisions of Section 542.28(11)[2] by applying to the circuit court for an order requiring appellant to testify. Over appellant’s objection, the court granted the Attorney General’s request and entered an order requiring appellant to testify for which he would be immunized from prosecution as provided in Section 542.-28(11).
Notwithstanding the court’s order, the appellant persisted in his refusal to testify and the circuit court, after a hearing, adjudged the defendant to be in contempt of court and committed appellant to the custody of the Sheriff of Leon County for incarceration until such time as the appellant expressed a willingness to comply with the court’s order requiring him to answer the questions propounded to him by the Attorney General. Appellant appeals from that order.
Appellant’s principal contention is that Section 542.28(11), which purports to grant to the Attorney General the authority to confer immunity, is contrary to the provisions of the Florida Constitution in that the state attorneys of the various circuits, so he asserts, are the only officials constitutionally entitled to confer immunity from prosecution. Appellant relies upon the following provisions which he argues should be construed to preclude the legislature from conferring upon any official other than state attorneys the authority to grant immunity from prosecution:

Article V, Section 17

State Attorneys. — In each judicial circuit a state attorney shall be elected for a term of four years. He shall be the prosecuting officer of all trial courts in that circuit and shall perform other duties prescribed by general law ....

Article I, Section 15(a)

No person shall be tried for capital crime without presentment or indictment by a grand jury, or for other felony without such presentment or indictment or an information under oath filed by the prosecuting officer of the court ....
Neither the above provisions nor any other sections of the Florida Constitution deal with the subject of immunity. The courts of this state have long recognized that immunity from prosecution is a creature of statute. E.g. State v. Schroeder, 112 So.2d 257 (Fla.1959).
We are not persuaded that the above constitutional provisions can properly be construed to prohibit the legislature from conferring upon any official other than state attorneys the power to confer immunity from prosecution. We hold that the legislature did not contravene the above constitutional provisions by providing the immunity mechanism embodied in Section 542.28(11) of the Florida Antitrust Act.
We have examined the other points raised by appellant and find them to be without merit. The order of contempt is AFFIRMED.
BOOTH, SHIVERS and NIMMONS, JJ., concur.

. Appellant filed both a notice of appeal (AT-347) and a petition for writ of common law certiorari (AT-348) seeking review of this civil contempt order. We determined that the order of contempt was a final order reviewable by appeal. Therefore, these have been consolidated and the petition for writ of certiorari has been treated as the initial brief. See Fla.R. App.P. 9.040(c).

. (11) The Attorney General or a state attorney may request that any natural person who refuses to comply with any provisions of this section on the grounds that the testimony or documents may incriminate him be ordered by the circuit court to provide the testimony or the documents. Except in prosecution for perjury, a natural person who complies with a court order to provide testimony or documents after asserting a privilege against self-incrimination to which he is entitled by law may not be subject to a criminal proceeding or to the civil penalty of s. 542.21(1), with respect to the transaction to which he is required to testify or produce documents. Any natural person who fails to comply with such a court order to testify or produce documents may be adjudged in contempt and imprisoned until the time he purges himself of the contempt.