STATE of Missouri,
Plaintiff/Respondent,

v.

Michael T. STRAUSER,
Defendant/Appellant.

No. ED 75084.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 1, 2000.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before: GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

*ORDER*

PER CURIAM.

Appellant Michael Strauser was convicted of arson in the second degree, Section 569.050, RSMo 1994, and sentenced to two years imprisonment. During the police investigation, Appellant's wife secretly taped phone conversations in which Appellant named the two people he paid to burn down their trailer. Appellant's wife voluntarily gave the tapes to police, from which they learned the identity of the two arsonists. At trial, the tapes were suppressed by the trial court pursuant to Section 546.260, RSMo 1994, because they were privileged spousal communications. However, one of the arsonists named on the tape testified at trial against Appellant without objection. Appellant argues that the police would never have known witness' name but for the tapes and that the trial court committed plain error in not suppressing that witness' testimony under the "fruit of the poisonous tree" doctrine.

The "fruit of the poisonous tree" begins with "the premise that the challenged evidence is in some sense the product of illegal governmental action." *United States v. Crews*, 445 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). It is not illegal for a spouse to speak to or "tip" law enforcement officers even where confidential communications may be involved. *State v. Kerr*, 531 S.W.2d 536, 541 (Mo. App.1975). Section 546.260 provides only for a testimonial privilege and does not govern police investigations. *Id.*

In this case, the tapes were properly suppressed as privileged spousal communications. However, it was not illegal for wife to tip off the police about the identity of the testifying witness, even though confidential communications were involved. Thus, there is no illegality upon which to base a "fruit of the poisonous tree" argument in this case and the trial court did not err in allowing the witness' testimony.

We have reviewed the briefs and the record on appeal and find that no jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. We affirm the judgments of the trial court in accordance with Rule 30.25(b).