SILBERMAN, Judge.
The State appeals the trial court’s order granting Jessica Grady’s consolidated motion to suppress and motion to dismiss. The State argues that the trial court erred by granting Grady’s motions in reliance upon the husband-wife privilege. We agree and reverse.
On May 26, 2000, Grady was involved in an automobile accident. The Florida Highway Patrol investigated and prepared a crash report. Grady presented a Florida driver’s license that identified her as Tracey Joann Phillips to the investigating trooper.
On June 5, 2000, Grady’s husband went to a Florida Highway Patrol station and voluntarily told a trooper that his wife had obtained a Florida driver’s license in the name of Tracey Joann Phillips and that she used that license when she was involved in the crash on May 26, 2000. He also told the trooper that Grady’s driver’s license was suspended for driving under the influence.
On August 15, 2000, Grady was charged with using a false statement in obtaining a driver’s license, unauthorized possession of a driver’s license, giving false information in a crash report, giving a false name after being arrested or lawfully detained, and driving while her license was suspended (with two or more prior convictions of that offense).
Grady filed a consolidated motion to suppress tangible objects to be used at trial and statements or admissions and motion to dismiss. She alleged that because her husband learned of the information that he provided to the Highway Patrol through marital communications, the information was subject to the husband-wife privilege and was confidential. Grady asserted that but for her husband’s disclosure of privileged information, the Florida Highway Patrol would not have known of the alleged criminal activity and she would not have been arrested or charged. She claimed that her husband’s statements and the tangible objects to be used at her trial must be suppressed and that the criminal information must be dismissed.
In its order granting Grady’s motions, the trial court noted several points: (1) the critical information used by law enforcement came from information provided by Grady’s husband; (2) it was unrefuted that *831 the information was not available to law enforcement from an independent investigation or an independent source; (3) the nature of the information suggested that Grady provided the information to her husband with a reasonable expectation of privacy and that she would not have consented to disclosure to anyone other than her husband; and (4) there is a strong public policy favoring the confidentiality of communications between a husband and wife.
The primary issues before this court are whether the husband’s statements to the trooper violated the husband-wife privilege, and if so, whether the use of those statements to investigate, arrest, and charge Grady was improper.
The privilege is contained in section 90.504, Florida Statutes (2000), which provides the following:
(1) A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
(2) The privilege may be claimed by either spouse or by the guardian or conservator of a spouse. The authority of a spouse, or guardian or conservator of a spouse, to claim the privilege is presumed in the absence of contrary evidence.
(3) There is no privilege under this section:
(a) In a proceeding brought by or on behalf of one spouse against the other spouse.
(b) In a criminal proceeding in which one spouse is charged with a crime committed at any time against the person or property of the other spouse, or the person or property of a child of either.
(c) In a criminal proceeding in which the communication is offered in evidence by a defendant-spouse who is one of the spouses between whom the communication was made.
The State argues that the trial court misapplied the privilege because it applies to testimony given at trial and does not apply to information provided to law enforcement. Grady argues that the privilege applies not only to testimony but that it also applies to reports made to law enforcement authorities about crimes that have been committed.
We first note that the facts were undisputed and the trial court granted Grady’s motions as a matter of law. Therefore, our review is de novo. See Rosenquist v. State, 769 So.2d 1051, 1052 (Fla. 2d DCA 2000). Although the parties do not cite to any Florida case directly on point, several cases from Florida and elsewhere provide some guidance.
In Trammel v. United States, 445 U.S. 40, 52 n. 12, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), the Supreme Court commented that no privilege “prevents the Government from enlisting one spouse to give information concerning the other or to aid in the other’s apprehension. It is only the spouse’s testimony in the courtroom that is prohibited.”
Additionally, federal and state courts have held that statements of a spouse that would be privileged at trial can be used to establish probable cause to obtain a search warrant or to investigate a suspect based on those statements. See, e.g., United States v. Cleveland, 477 F.2d 310, 313 (7th Cir.1973); United States v. Harper, 450 F.2d 1032, 1045-46 (5th Cir.1971); United States v. Winfree, 170 F.Supp. 659, 660 (E.D.P.A.1959); State v. Strauser, 24 S.W.3d 743, 743 (Mo.Ct.App.2000); People v. Lifrieri, 157 Misc.2d 598, 597 N.Y.S.2d 580, 582-83 (N.Y.Sup.Ct.1993). In State v. Kerr, 531 S.W.2d 536, 541 (Mo.Ct.App. 1975), the court commented that “it does *832 not appear to be illegal for a spouse to speak to or ‘tip’ law enforcement authorities even where confidential communications may be involved. Consequently, there is no illegality upon which to found the ‘fruit of the poisonous tree’ argument.”
Although the Florida Supreme Court has not directly addressed the issue, in Bolin v. State, 650 So.2d 21 (Fla.1995), the court addressed the testimonial protections afforded by the husband-wife privilege. There, a police investigation into a murder “proved unavailing” until a tip was given to Crime Stoppers by a Mr. Coby. Id. at 23. Mr. Coby’s tip was based on information that he learned from Mrs. Coby, Bolin’s former wife. The pertinent information was acquired by Mrs. Coby during her marriage to Bolin. Id. After Mr. Coby gave his tip, Mrs. Coby provided investigators with information based on her observations and her discussions with Bolin, all of which occurred during their marriage. Id.
The supreme court reversed Bolin’s conviction because the trial court had allowed Mrs. Coby to testify about statements that Bolin made to her during their marriage concerning his abduction and murder of the victim. Id. The court stated that Mrs. Coby could not testify as to what Bohn told her about the murders because his statements constituted privileged communications. Id. The court did not, however, address any issue arising from the fact that Mrs. Coby provided to the police information that she had acquired during her marriage to Bohn.
In granting Grady’s motions, the trial court considered the case of State v. Sandini, 395 So.2d 1178 (Fla. 4th DCA 1981). The trial court concluded that Sandini was distinguishable because the attorney-chent and husband-wife privileges have different public policy considerations.
In Sandini, the court addressed the use of attorney-chent privileged information to establish probable cause for issuance of a search warrant. The court acknowledged that the attorney could not be called by the State as a witness against his client and could not be subpoenaed to provide information against the client’s interests. Id. at 1180. Similarly, the State could not surreptitiously intrude upon an exchange of information between the attorney and the chent. Id. However, the court concluded that evidence voluntarily submitted by an attorney in violation of the attorney-chent privilege was competent to establish probable cause in support of a search warrant. Id. at 1181. The court also noted that even though the information may constitute hearsay and be inadmissible at trial, it may nevertheless form the basis of an affidavit given in support of a search warrant. Id. at 1182. See also Chacon v. State, 102 So.2d 578, 590 (Fla.1957) (reiterating “that the information forming the basis for a search warrant is not to be measured by its admissibility as evidence in the trial of the case”).
Although the attorney-chent and husband-wife privileges serve different purposes and may indeed have different policy considerations, both address communications that are confidential and are not intended to be disclosed to third persons. See §§ 90.502, 90.504, Fla. Stat. (2000). Neither of the privileges, nor the Florida Evidence Code in which they are both codified, addresses whether the voluntary disclosure of otherwise confidential information to law enforcement authorities, outside the context of a testimonial proceeding, somehow taints the investigation or the prosecution of criminal conduct. See ch. 90, Fla. Stat. (2000).
Grady cites no cases supporting her argument that the husband-wife privilege requires suppression of the results of an investigation or precludes the prosecution of a crime when the investigation and pros *833 ecution were initiated because one spouse, using confidential marital information, voluntarily reported criminal acts by the other spouse. We reject Grady’s argument and conclude that although the husband-wife privilege may apply to exclude testimony as to confidential marital communications, the privilege does not require the suppression of admissible evidence gathered through law enforcement’s investigation of her, and it does not bar her criminal prosecution. Therefore, we reverse the trial court’s order granting Grady’s consolidated motion to suppress and motion to dismiss and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and FULMER, JJ., Concur.