PATTERSON, Judge.
The appellants, Intelligence Group, Inc., and Jerry Rollins Oglesby, challenge the final order of the appellee Department of State, Division of Licensing, which revokes their private investigative agency license and private investigator license for having provided a client, Melvine Aprile, with falsified documents. They argue that the Department erred in pursuing this disciplinary action because Oglesby had been granted transactional immunity from prosecution before testifying before a grand jury and at Aprile’s criminal trial. We reverse and remand for further proceedings.
On March 16, 1989, Oglesby was questioned by a state attorney investigator in a sworn deposition about the private investigative services he performed for Aprile. Oglesby denied any involvement in creating a new identity for Aprile. Oglesby was later subpoenaed to testify before a grand jury. On August 9, 1989, Oglesby was granted immunity from prosecution under section 914.04, Florida Statutes (1987), for his dealings with Aprile. He testified that in June 1988 he had provided Aprile with forged or falsified documents to help Aprile change her identity and take her children out of the country, and that he was to receive over $10,000 for his work. Oglesby also testified at Aprile’s criminal trial on September 19, 1990, during which he admitted that he had committed perjury in his sworn statement to the investigator.
Oglesby was charged in a ten-count administrative complaint with forging and falsifying documents and with perjury, which the Department alleged was misconduct under section 493.6118(l)(f), Florida Statutes (1989). Oglesby denied all allegations, claimed immunity from disciplinary action, and requested a formal administrative hearing pursuant to section 120.57(1), Florida Statutes (1989). A formal hearing was conducted on June 27, 1991. The Department’s case consisted primarily of the transcripts of Oglesby’s deposition, grand jury and trial testimony in the case against Aprile.
On August 29, 1991, the hearing officer filed his recommended order in which he found that Oglesby’s testimony was elicited under a grant of immunity from any disciplinary action. The hearing officer found no evidence that Oglesby committed any acts with the intent to injure or defraud any person as alleged in the administrative complaint and recommended that the complaint be dismissed. On December 30, 1991, the Department filed its final order which rejected in part the hearing officer’s findings of fact and his recommendation to dismiss the complaint. The order found that Oglesby had committed the misconduct alleged in the complaint and revoked the appellants’ licenses.
The appellants argue that under Lurie v. Florida State Board of Dentistry, 288 So.2d 223 (Fla.1973), the Department could not take administrative disciplinary action against them on the basis of Ogles-by’s testimony. In Lurie, the court held that the state could not revoke a dentist’s license for his involvement in a stolen car ring since he had been granted immunity from “any penalty or forfeiture” for his testimony regarding that crime. 288 So.2d at 226. The holding in Lurie was based on section 914.04’s predecessor, section 932.29 Florida Statutes (1967), which stated in pertinent part:
[N]o person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise. ...
The above quoted matter was deleted from the statute when it was amended in *591 1982.[1] The amended statute states only that no testimony elicited or evidence produced under a grant of immunity shall be used against the witness “upon any criminal investigation or proceeding.” § 914.04, Fla.Stat. (Supp.1982). Thus, the effect of the amendment was to eliminate: (1) immunity from prosecution for the “transaction” testified about and (2) immunity from “any penalty or forfeiture.” The only protection remaining under the statute is against the use of the testimony in a criminal investigation or proceeding. State v. Williams, 487 So.2d 1092 (Fla. 1st DCA1986) (amended statute section 914.04 confers no authority on a prosecutor to grant transactional immunity); Novo v. Scott, 438 So.2d 477, 478 (Fla. 3d DCA1983), review denied, 446 So.2d 100 (Fla.1984) (since the amendment of the statute, transactional immunity no longer exists). Thus, the state cannot use Oglesby’s testimony to prosecute Oglesby in a criminal trial; however, he is not protected from administrative disciplinary action. See DeBock v. State, 512 So.2d 164, 167-68 (Fla.1987).
Once the hearing officer determined that Oglesby was immune from disciplinary action, he failed to address each of the charges of misconduct in the administrative complaint. Nonetheless, the Department made its own findings of misconduct in its final order. This was error. It is the hearing officer’s role to consider all the evidence, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact. Heifetz v. Department of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA1985); State Beverage Dep’t v. Ernal, Inc., 115 So.2d 566 (Fla. 3d DCA1959). When the hearing officer fails to make factual findings on the evidence presented, remand is appropriate since no authority exists “for any agency to make an independent determination of disputed fact in a review proceeding.” Cohn v. Department of Professional Regulation, 477 So.2d 1039, 1047 (Fla. 3d DCA1985).
Accordingly, we reverse and remand to the hearing officer for the entry of further factual findings.
LEHAN, C.J., and ALTENBERND, J., concur.

. Ch. 82-393, § 1, Laws of Fla.