650 So.2d 1070 (1995)
Anne Healey RANDALL, Petitioner,
v.
Walther GUENTHER, Respondent.
No. 94-2610.
District Court of Appeal of Florida, Fifth District.
February 17, 1995.
*1071 Vincent G. Torpy, Jr. and Gregory S. Hansen of Frese, Nash & Torpy, P.A., Melbourne, for petitioner.
James P. Beadle and Jack B. Spira of Spira, Beadle & McGarrell, P.A., Palm Bay, for respondent.
DIAMANTIS, Judge.
Anne Healey Randall seeks certiorari review of the non-final discovery order compelling Randall to testify after she invoked her privilege against self-incrimination.[1] We grant the petition because the order departs from the essential requirements of law and will cause material injury which cannot be remedied by plenary appeal.
Respondent Walther Guenther filed a civil suit against Randall averring claims of fraud, undue influence, and conversion arising from Randall's handling of Guenther's finances. Essentially, Guenther's complaint averred that Randall had transferred substantially all of his assets to herself without his consent.
The trial court preliminarily enjoined Randall from disposing of some $925,000 in stocks and securities which had belonged to Guenther. In the order, the trial court also required Randall to provide a list of all assets which she had received from Guenther, and to provide the market value of the stocks and securities at the time of their acquisition from Guenther and at the time of Randall's compliance with the court's order.
Randall subsequently learned that the state attorney's office had initiated a criminal investigation into this matter. Upon Randall's motion, the trial court amended the injunction order to delete the requirement of providing the list of assets, explaining that Randall had a "reasonable apprehension of subsequent criminal prosecution" and that "the list of assets may reasonably be expected to provide a [link] in the [chain] of evidence of any subsequent criminal proceedings."
*1072 Instead of seeking review of the amended injunction order, Guenther filed a motion to compel discovery to which he attached letters from an assistant state attorney dated November 2, 1994, and October 13, 1994, purporting to confer upon Randall use and derivative use immunity under section 914.04, Florida Statutes (1993), in connection with Randall's deposition in this civil action. The November 2, 1994, letter stated that the immunity extended to "any documentation which is compelled to be disclosed by [Randall's] subpoena for deposition, and any subsequent documentation which is discovered, or compelled by the court, as a result of the deposition."
Following a hearing on the motion to compel, the trial court entered an order finding that, because the state had conferred use and derivative use immunity on Randall, Randall was required to submit to discovery and answer all properly propounded questions, to provide any relevant documents requested during discovery, and to provide a list of all assets which she had acquired from Guenther. Randall has petitioned this court for certiorari review of this order.
As pertinent, section 914.04 provides:
No person who has been duly served with a subpoena or subpoena duces tecum shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no testimony so given or evidence so produced shall be received against him upon any criminal investigation or proceeding.
§ 914.04, Fla. Stat. (1993).
The case law addressing section 914.04 consistently has construed the statute strictly, making it clear that any grant of immunity conferred thereunder must be confined to the statutory parameters. In this regard, the immunity granted applies only to criminal proceedings, not civil proceedings. See DeBock v. State, 512 So.2d 164, 167 (Fla.) (statute inapplicable to bar disciplinary proceedings), stay denied, 484 U.S. 919, 108 S.Ct. 282, 98 L.Ed.2d 243 (1987), and cert. denied, 484 U.S. 1025, 108 S.Ct. 748, 98 L.Ed.2d 761 (1988); Intelligence Group, Inc v. Department of State, 610 So.2d 589, 591 (Fla. 2d DCA 1992) (statute inapplicable to administrative proceeding revoking license); Delisi v. Smith, 423 So.2d 934, 939 (Fla. 2d DCA 1982) (statute inapplicable to civil RICO proceeding), rev. denied, 434 So.2d 887 (Fla. 1983). See also City of Hollywood v. Washington, 384 So.2d 1315 (Fla. 4th DCA 1980) (administrative proceeding to terminate employment); State ex rel. D'Ainato v. Morphonios, 358 So.2d 1119 (Fla. 3d DCA 1978) (witness at defense discovery deposition), approved, 381 So.2d 1355 (Fla. 1980).[2] Although the legislature could authorize the granting of immunity in civil proceedings, it has not yet done so. See Delisi, 423 So.2d at 939 n. 4. Accordingly, the statute does not authorize the immunity conferred by the state attorney in the present case.
In so ruling, we reject Guenther's contentions that the immunity purportedly granted is valid as a grant of contractual immunity and that the statutory immunity of section 914.04 does not constitute the sole means through which the state may confer immunity. To the contrary, it is well-settled that "immunity from prosecution must derive from a specific statutory or constitutional provision." Stancel v. Schultz, 226 So.2d 456, 459 (Fla. 2d DCA 1969) (citing State v. Schroeder, 112 So.2d 257, 261 (Fla. 1959) ("Immunity from prosecution is a creature of statute")). See also 21 Am.Jur.2d Criminal Law § 211 (1981) ("[I]mmunity from prosecution must have its source and sanction in the law. A witness may insist that his immunity have a basis more substantial than the grace or favor of the prosecutor").
We also reject Guenther's contention that the order should be sustained because *1073 Randall had an obligation as a fiduciary to provide an accounting. To support this contention, Guenther relies on the decision of In re Estate of Rasmussen, 335 So.2d 634 (Fla. 1st DCA 1975); however, that reliance is misplaced. Rasmussen held that a personal representative of an estate is not entitled to invoke the privilege against self-incrimination with regard to "documents which he was required to prepare or keep in carrying out his fiduciary duties as executor." Rasmussen, 335 So.2d at 636. Here, the list required by the amended injunction order was not a document Randall "was required to prepare or keep in carrying out [her] fiduciary duties" but, rather, the list was required by court order entered upon Guenther's motion to compel discovery, and the motion to compel failed to suggest that disclosure was sought from Randall in her fiduciary capacity. We note that the list sought does not even presently exist because the order of September 16, 1994, required Randall to list stock values at the time of her compliance with the order.
Guenther alternatively argues that Randall waived her right to immunity when, during the initial temporary injunction hearing, she admitted to possessing some $925,000 that she had received from Guenther. This argument fails to recognize the considerable difference between merely admitting to having received the money (which fiduciaries customarily do in the lawful performance of their duties), and admitting to obtaining the money through potentially criminal conduct, such as criminal fraud. Additionally, we note that any admission by Randall was made before the trial court entered its amended order ruling that Randall was entitled to assert her privilege against self-incrimination.[3]
Accordingly, we grant the petition for certiorari, quash the order under review, and remand this cause for further proceedings consistent with this opinion.[4]
Certiorari GRANTED; order QUASHED; cause REMANDED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] See U.S. Const. amend. V; Art. I, § 9, Fla. Const.
[2] Further, only the parties named in the statute may grant immunity. See City of Hollywood v. Washington, 384 So.2d at 1319 (immunity conferred by police officer ineffective).
[3] We also have considered whether equitable estoppel principles would prevent the state from initiating a subsequent prosecution against Randall based on the results of her deposition. See generally 21 Am.Jur.2d Criminal Law § 211 (1981) (discussing equitable claim to immunity for accomplices when testifying for the prosecution even in the absence of specific statutory authority). The present order cannot be sustained on this ground because to do so would subject Randall to the burden of establishing equitable estoppel in any future criminal proceeding which the state might initiate.
[4] We note that the state is not foreclosed from conferring immunity on Randall pursuant to the provisions of section 914.04 in any criminal investigation, proceeding, or trial, as contemplated by that section, and then eliciting the same information sought by Guenther's motion to compel discovery in this case.