PER CURIAM.
The State appeals a trial court order suppressing several statements made by the defendant based upon the trial court’s finding of equitable immunity. We reverse because we find that the doctrine of equitable immunity does not exist in Florida.
The Defendant Mr. James Polnac (hereinafter “Polnac”) is both the president and director of Leisure Time Vacations, Inc. (hereinafter “Leisure Time”), a company which engages in the business of selling timeshares. The Department of Business Regulation, Division of Florida Land Sales and Condominiums[1] (hereinafter “DBR”) investigated Leisure Time to ensure that it was substantially complying with all of the mandates of Florida Statutes, Chapter 721.[2] Pursuant to that investigation, the DBR issued a subpoena duces tecum to Leisure Time. Polnac accepted service of process on the subpoena and accordingly agreed to meet with a DBR investigator. During the interview with this investigator, Polnac made disclosures which revealed a criminal violation of Florida Statute, Section 721.08, which makes it a third-degree felony for a developer, seller or escrow agent to intentionally fail to place funds obtained for the purchase of a timeshare into an escrow account[3]. § 721.08(8), Fla. Stat. (1995).
Following the DBR’s investigation, the Monroe County State Attorney’s Office filed criminal charges against Polnac based in part on the statements Polnac had made to the DBR investigator.[4] Polnac filed a “Motion to Dismiss” and a “Motion to Suppress Admissions Illegally Obtained.”. The trial court entered an Order denying Polnac’s Motion to Dismiss and, relying upon a theory of equitable immunity, granted Polnae’s Motion to Suppress Admissions Illegally Obtained. This appeal followed.
On appeal, the State contends that the trial court incorrectly relied on a theory of equitable immunity in granting Polnac’s motion to suppress. The State further contends that Florida law does not recognize the doctrine of equitable immunity, and accordingly posits that Polnac’s statements should not have been suppressed. Polnac, on the other hand, maintains that Florida does recognize the doctrine of equitable immunity, and he contends that the trial court properly applied this doctrine in the instant case. For the following reasons, we find that Florida law does not recognize the concept of equitable immunity as advanced by Polnac, and, accordingly, we reverse.
In its Order granting Polnac’s motion to suppress, the trial court correctly determined that a DBR investigator could not grant immunity from criminal prosecution under Florida Statute, Section 914.04. The trial court, however, incorrectly relied on a theory of equitable immunity in granting Pol-nae’s Motion to Suppress Admissions Illegally Obtained. In Florida, “[i]mmunity from prosecution is a creature of statute.” City of Hollywood v. Washington, 384 So.2d 1315, 1319 (Fla. 4th DCA 1980); see also, Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977); State v. Schroeder, 112 So.2d 257 (Fla.1959); Fountaine v. State, 460 So.2d 553 (Fla. 2d DCA 1984), review denied, 464 So.2d 554 (Fla.1985). The Florida statute dealing with immunity from criminal prosecution is Florida Statutes, Section 914.04. See § 914.04, Fla. Stat. (1995). The courts have consistently adhered to the principle that immunity from prosecution under Section 914.04 may only be granted by those persons or entities named in the statute and under the precise *1097 parameters delineated in the statute. E.g., Randall v. Guenther, 650 So.2d 1070 (Fla. 5th DCA 1995). Accordingly, in those instances, such as the instant case, where claims of immunity do not come under the confines of Section 914.04, the courts have repeatedly struck down a litigant’s claim of immunity. See Tsavaris; Randall; Fountaine; State v. Powell, 343 So.2d 892 (Fla. 1st DCA 1977).
Instead of denying the defendant’s claim of immunity, the trial court in the instant case granted “equitable immunity” to Polnac and suppressed Polnac’s admissions. In doing so, the trial court relied on Rowe v. Griffin, 676 F.2d 524 (11th Cir.1982), and State v. Borrego, 445 So.2d 666 (Fla. 3d DCA 1984). We disagree with the court’s disposition and hold that the concept of equitable immunity does not exist in Florida. We do so based on our conclusion that Florida only recognizes immunity from criminal prosecution when that immunity stems from a specific statutory source. See City of Hollywood; see also, Tsavaris; Schroeder; Fountaine. In doing so, we reject the trial court’s conclusion that Borrego stands for the proposition that the concept of equitable immunity is viable in Florida. The court in Borrego did not address or decide that question. Instead, the court in Borrego merely held that the facts in that ease would not warrant the application of the doctrine of equitable immunity even if such a doctrine were to exist in Florida. Borrego, 445 So.2d at 668 (“[E]quitable immunity, if it exists in Florida, is not present in the instant case.”) (emphasis added). Accordingly, for the foregoing reasons, we reverse the portion of the trial court’s Order Granting the Defendant’s Motion to Suppress Admissions Illegally Obtained.
Reversed and remanded for further proceedings consistent herewith.

. Pursuant to Chapter 721 of the Florida Statutes, the DBR is responsible for overseeing the creation, operation and management, including the public offering and sale, of timeshare interests in the State of Florida.

. Chapter 721, entitled the "Florida Vacation Plan and Timesharing Act," among other things, regulates and establishes the procedures “for the creation, sale, exchange, promotion, and operation of timeshare plans.” § 721.02, Fla.Stat. (1995).

. Although the DBR does have authority to levy civil penalties, it does not have authority to prosecute criminal violations under Chapter 721. See § 721.26, Fla.Stat. (1995). Similarly, DBR investigators do not have statutory authority to grant immunity from criminal prosecution.

. The DBR investigator reported Polnac’s admissions to the prosecuting authorities. See § 455.2277, Fla.Stat. (1995).