832 So.2d 770 (2002)
Horace GRANT, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D01-3701.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
Rehearing Denied May 17, 2002.
*771 James M. Russ of Law Offices of James M. Russ, P.A., and Terrence E. Kehoe of Law Offices of Terrence E. Kehoe, Orlando, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Respondent.
ORFINGER, R.B., J.
Horace Grant seeks certiorari review of an amended order compelling him to answer questions for the statewide prosecutor relating to an ongoing criminal investigation. While Grant raises several issues, only one merits discussion.
The Office of the Statewide Prosecutor (OSP) filed an information against Paul James Veigle and Seminole Entertainment, Inc. d/b/a Rachel's World Class Men's Club ("the Rachel's case"), charging various offenses including racketeering and money laundering. The OSP served Grant with a subpoena seeking to take a pretrial discovery deposition concerning the Rachel's case. At the deposition, the assistant statewide prosecutor attempted to question Grant about his activities and observations at Rachel's. Despite the OSP's assertion that section 914.04, Florida Statutes (2001), conferred use and derivative use immunity on him, Grant refused to answer the questions asserting his right to remain silent under the United States and Florida Constitutions. The State then filed a motion to compel Grant to answer the questions, and for the costs associated with the failed deposition. Grant responded by asserting that section 914.04 does not give the OSP the authority to confer immunity on a witness. The trial court entered an amended order granting the OSP's motion to compel and motion for sanctions, and Grant filed the instant petition seeking certiorari review.
Pursuant to Article V, Section 4(b)(3) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(3), this court has certiorari jurisdiction to review an order of the circuit court which allegedly invades an individual's privilege against self-incrimination. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
The Fifth Amendment to the United States Constitution provides that "[n]o person shall be compelled in any criminal case to be a witness against himself...." Similarly, Article I, Section 9 of the Florida Constitution provides that "[n]o person shall be ... compelled in any criminal matter to be a witness against oneself." Of course, the protections provided by the Fifth Amendment and Article I, Section 9 are not implicated if the witness is granted immunity. In Florida, the statute dealing with immunity from criminal prosecution is section 914.04. That statute provides that:

*772 No person who has been duly served with a subpoena or subpoena duces tecum shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of the person may tend to convict him or her of a crime or to subject him or her to a penalty or forfeiture, but no testimony so given or evidence so produced shall be received against the person upon any criminal investigation or proceeding. Such testimony or evidence, however, may be received against the person upon any criminal investigation or proceeding for perjury committed while given such testimony or producing such evidence or for any perjury subsequently committed.
(Emphasis added).
Grant contends that the trial court departed from the essential requirements of the law by holding that the OSP is equivalent to a state attorney, and may grant immunity under section 914.04. Grant argues that because immunity is a creature of statute, section 914.04 must be strictly construed. See Randall v. Guenther, 650 So.2d 1070 (Fla. 5th DCA 1995). In support of his argument, he points out that the immunity statute specifically refers to "any court having felony trial jurisdiction, grand jury or state attorney," and consequently, the omission of the OSP from the statute must be viewed as a limitation of the statewide prosecutor's ability to grant immunity under the statute.
The State argues that the trial court correctly found that section 16.56(3), Florida Statutes (2001), confers the powers granted to state attorneys on the OSP, and authorizes the OSP to utilize the immunity provisions of section 914.04. We conclude that the trial court correctly held that the immunity provisions of section 914.04 apply when a party is subject to an investigatory subpoena issued by or at the request of the OSP.
Section 914.04 automatically grants use immunity to one who testifies under the circumstances delineated therein. See Jenny v. State, 447 So.2d 1351 (Fla.1984).[1] The statute provides that immunity is granted when a person is called before "any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, or trial ...." § 914.04, Fla. Stat (2001). While the statute does not *773 specifically include the OSP, section 16.56(3), Florida Statutes (2001), authorizes the OSP to exercise all powers granted by law to state attorneys.
Grant argues that the omission of the OSP from the statute should cause us to conclude that the OSP is without the authority to confer immunity based on the rule of statutory construction expressio unius est exclusio alterius (the expression of one thing excludes things not mentioned). This is not, however, a rule of law; rather, it is an aid to help us determine legislative intent. See 2A Norman J. Singer, Statutes and Statutory Construction, § 47.23, at 318 (6th ed.2000). The rule will be disregarded when an expanded interpretation of a statute will accomplish beneficial results, where its application would thwart the legislative intent made apparent by the entire act, or serve the purpose for which the statute was enacted. Id. at 324.
The purpose of section 914.04 is to aid the State in the prosecution of crimes. See Fountaine v. State, 460 So.2d 553, 554 (Fla. 2d DCA 1984). The statute should be liberally construed to effectuate the purpose for which it is designed. See Tsavaris v. Scruggs, 360 So.2d 745, 749 (Fla.1977); State v. Schell, 222 So.2d 757, 758 (Fla. 2d DCA 1969); State v. Buchanan, 207 So.2d 711, 716 (Fla. 3d DCA 1968). Section 16.56(3) specifically authorizes the OSP to conduct hearings, summon and examine witnesses, require the production of physical evidence, and "confer immunity." The statute further authorizes the statewide prosecutor to "exercise such other powers as by law are granted to state attorneys." § 16.56(3), Fla. Stat. (2001) (Emphasis added).
We observe the basic rule of statutory construction that statutes, which relate to the same or closely related subjects or objects, are regarded as in pari materia, and must be construed together and compared with each other. Ferguson v. State, 377 So.2d 709, 711 (Fla.1979); Alachua County v. Powers, 351 So.2d 32, 40 (Fla.1977). The doctrine of in pari materia requires courts to construe related statutes together so that they will illuminate each other and are harmonized. Singleton v. Larson, 46 So.2d 186 (Fla. 1950). This rule requires us to construe sections 914.04 and 16.56(3) together and to harmonize them, if possible. It is clear from reading these statutes in pari materia, with a focus on the legislative purpose and statutory scheme, that a person who is called before the OSP in the course of an investigation is entitled to use immunity. The OSP has been given the same powers as state attorneys. The logical reading of these statutes is that immunity extends whether the investigation is by a state attorney or the OSP. The inclusion of the power to grant immunity to the OSP in section 16.56(3) should be read to include the self-executing use immunity provided for in section 914.04, when the OSP compels a person to testify in a criminal proceeding or investigation.
CERTIORARI DENIED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] It is well-settled that "immunity from prosecution must derive from a specific statutory or constitutional provision." Randall v. Guenther, 650 So.2d 1070, 1072 (Fla. 5th DCA 1995) (quoting Stancel v. Schultz, 226 So.2d 456, 459 (Fla. 2d DCA 1969)). See State v. Schroeder, 112 So.2d 257, 261 (Fla. 1959) ("Immunity from prosecution is a creature of statute"); State v. Polnac, 665 So.2d 1095 (Fla. 3d DCA 1996); see also 21 Am. Jur.2d Criminal Law 211 (1981) ("[I]mmunity from prosecution must have its source and sanction in the law. A witness may insist that his immunity have a basis more substantial than the grace or favor of the prosecutor").

A grant of immunity under any statute must be coextensive with that protection under the Fifth Amendment. Murphy v. Waterfront Comm., 378 U.S. 52, 78[, 84 S.Ct. 1594, 12 L.Ed.2d 678] (1968). See New Jersey v. Portash, 440 U.S. 450[, 99 S.Ct. 1292, 59 L.Ed.2d 501] (1979). Thus, a promise of use immunity is binding and the State is "prohibited from making any such use of compelled testimony and its fruits." Murphy, 378 U.S. at 79[, 84 S.Ct. 1594]. (Emphasis supplied). Accordingly, section 914.04 immunity from use and derivative use "is coextensive with the scope of the privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege." Kastigar v. United States, 406 U.S. 441, 453[, 92 S.Ct. 1653, 32 L.Ed.2d 212] (1972).