ORFINGER, J.
Nicholas B. Mitrani and Michael R. Ven-ticinque were charged with a variety of crimes as a result of their alleged participation in a drive-by shooting. Two witnesses, Jacob White and Jeffrey Wade, provided sworn statements to law enforcement during the initial investigation of the incident. The State believed these two witnesses were in the ear with Mitrani and Venticinque at the time of the shooting. As part of its continuing investigation, during discovery, the State subpoenaed White and Wade in order to take their depositions. While the two witnesses appeared at the scheduled time, on the advice of counsel, they declined to testify, despite being advised that they would be given use *1067 and derivative use immunity as provided in section 914.04, Florida Statutes (2008).[1]
The State then filed a motion to compel the witnesses’ testimony, asserting that the two witnesses were essential to aid in determining what occurred. At the hearing held on the State’s motion, the witnesses, through counsel, argued that they should not be compelled to provide testimony because their compelled testimony would likely be inconsistent with their earlier sworn statements, thereby, exposing them to prosecution for perjury by contradictory statements in violation of section 837.021, Florida Statutes (2008). The witnesses also argued that they had a substantial and real concern about incriminating themselves in the shooting or its aftermath. The trial court accepted these arguments and denied the State’s motion to compel the witnesses’ testimony. The State now seeks certiorari review of that order. For the reasons discussed below, we grant the State’s petition and quash the trial court’s order.[2]
The Florida immunity statute, section 914.04, Florida Statutes (2008), provides, in pertinent part:
No person who has been duly served with a subpoena ... shall be excused from attending and testifying ... before any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this State upon the ground or for the reason that the testimony or evidence ... required of the person may tend to convict him or her of a crime ... but no testimony so given or evidence so produced shall be received against the person upon any criminal investigation or proceeding. Such testimony or evidence, however, may be received against the person upon any criminal investigation or proceeding for perjury committed while giving such testimony ... or for any perjury subsequently committed.
This statute provides use and derivative use immunity. State v. Harrison, 442 So.2d 389 (Fla. 4th DCA 1983). Use and derivative use immunity precludes the compelled statements, and any information derived from those statements, from being used against the witness in any subsequent prosecution, except for perjury committed while giving the compelled testimony.
The witnesses’ first concern is that they might be subject to prosecution for perjury by contradictory statements if they provide sworn testimony at a deposition that materially differed from their earlier statements under oath.[3] This concern is unfounded, provided that their compelled testimony is truthful. Section 914.04 generally prohibits the use of such testimony in any criminal investigation or proceeding against the witness. More specifically, section 837.021(4), provides that a person may not be prosecuted for making contradictory statements if the contradictory statement made in the most recent proceeding was made under a grant of immunity under section 914.04.
*1068 The witnesses’ other concern is the potential that they might be charged for participating in the shooting that resulted in charges being brought against Mitrani and Venticinque, or for being accessories after the fact. The Fifth Amendment privilege against self-incrimination is “fundamental to our system of constitutional rule.” Miranda v. Arizona, 384 U.S. 436, 468, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, “the privilege against self-incrimination presupposes a real danger of legal detriment arising from the disclosure.” Rogers v. U.S., 340 U.S. 367, 372-73, 71 S.Ct. 438, 95 L.Ed. 344 (1951). Thus, the privilege may be obviated by a prosecutorial grant of immunity. See Kastigar v. U.S., 406 U.S. 441, 461-62, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Although the witness has an obligation to invoke the privilege in the first instance, the ultimate decision-maker, as to whether the privilege applies, is the court and not the witness. Hoffman v. U.S., 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). In determining whether a witness is justified in invoking the privilege, courts generally interpret the scope of the privilege broadly. The privilege applies not only to answers that would themselves support a conviction, but also to those answers that might furnish a link in the chain of incriminating evidence. The threat of incrimination must be “substantial and ‘real’ ” and not “merely trifling or imaginary.” U.S. v. Doe, 465 U.S. 605, 614 n. 13, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); U.S. v. Apfelbaum, 445 U.S. 115, 128, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980).
If a witness rightfully invokes the privilege against self-incrimination, the State may overcome the claim of privilege by granting the witness immunity. Apfelbaum, 445 U.S. at 125, 100 S.Ct. 948. Any grant of immunity must be co-extensive with the privilege against self-incrimination. Kastigar, 406 U.S. at 448, 92 S.Ct. 1653. The grant of immunity must leave the witness in substantially the same position as if the witness had claimed his privilege in the absence of a grant of immunity. Kastigar, 406 U.S. at 458-59, 92 S.Ct. 1653; U.S. v. Schwimmer, 882 F.2d 22, 25 (2d Cir.1989). We conclude that the use and derivative use immunity granted by section 914.04 satisfies any self-incrimination concerns the witnesses may have in this ease. Consequently, the trial court’s order violates clearly established legal principles that would cause substantial prejudice to the State. Accordingly, we quash the order under review and remand the matter for further proceedings consistent herewith.
PETITION FOR CERTIORARI GRANTED; ORDER QUASHED.
TORPY and LAWSON, JJ., concur.

. Wade and White were invited to respond to the State’s petition but failed to do so.

. This Court has certiorari jurisdiction to consider the State’s petition. See State v. Pettis, 520 So.2d 250, 253 (Fla.1988) (stating district courts have ability to entertain certiorari petitions to ensure fair administration of criminal justice). Entitlement to the issuance of a writ depends on the State demonstrating (1) that the trial court's ruling violated a clearly established legal principle and (2) that the ruling results in material injustice. State v. Gerry, 855 So.2d 157, 159 (Fla. 5th DCA 2003).

.Their concern is apparently premised upon the notion that their initial sworn statements to law enforcement were materially false.