SALTER, J.
The State of Florida seeks a writ of certiorari quashing a circuit court order declining to hold the respondent in contempt for refusing to answer deposition questions as a material eyewitness in a criminal case. The State granted the respondent use immunity regarding the subject matter of the testimony sought to be elicited. After an in camera hearing with the respondent and his counsel,[1] the trial court concluded that the respondent had validly asserted his Fifth Amendment rights and was not in contempt of court. Finding that this conclusion departed from the essential requirements of the law and would irremediably prejudice the State’s prosecution in which the testimony was critical, we grant the writ and quash the order.

Background

While in federal custody for a prior conviction, the respondent provided an eyewitness account, ultimately including a recorded statement, to a state prosecutor. The statement was taken in connection with the prosecution of three defendants in a pending murder case in Miami-Dade County. At a later deposition commenced at his correctional facility, however, the respondent refused to participate. The State petitioned for an order to show cause why the respondent should not be held in contempt. The circuit court issued a writ of habeas corpus ad testificandum directing that the respondent be transported to Miami-Dade County for the purpose of testifying on behalf of the State. The trial court directed that he be sworn, and that the deposition resume.
The respondent asserted his Fifth Amendment privilege in response to any and all questioning. The prosecutor then agreed to give the respondent use immunity for any testimony related to the time during which the alleged murder was al *995 leged to have been committed. The respondent continued, however, to assert his Fifth Amendment privilege based on what he said might be different charges emanating from other jurisdictions. The respondent’s counsel argued that the use immunity might be insufficient and requested a hearing in camera[2] to present those concerns to the court.
Following the hearing, the trial court denied the State’s motion for an order to show cause why the respondent should not be held in contempt for his continued refusal to answer questions. The State then filed its petition for certiorari here.

Analysis

The State may seek certiorari from certain pretrial orders in criminal cases. State v. Richards, 843 So.2d 962, 968 (Fla. 3d DCA 2003). The order at issue is precisely such an order, because it prejudicially impairs or effectively negates the State’s ability to prosecute. State v. Pettis, 520 So.2d 250, 253 (Fla.1988). The order departs from the essential requirements of section 914.04, Florida Statutes (2012), which subjects the respondent to the court’s contempt power following the grant of immunity. State v. Mitrani, 19 So.3d 1065 (Fla. 5th DCA 2009); Grant v. State, 832 So.2d 770 (Fla. 5th DCA 2002). Section 914.04 also squarely addresses and eliminates the respondent’s vaguely-referenced concerns[3] regarding perjury; the respondent’s only exposure from the testimony sought by the State would relate to “perjury committed while giving such testimony” or for later perjury.[4] It is equally well settled that the immunity extends to other prospective prosecuting authorities, including the federal authorities. Murphy v. Waterfront Comm’n of N.Y. Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).
The respondent maintains for the first time here that he was not duly served with a subpoena. The record, however, establishes the issuance of the writ of habeas corpus ad testificandum, a direction by the court that the respondent be sworn and that his deposition commenced, and a waiver by counsel of service of the subpoena. The respondent’s remaining arguments are also without merit.
For these reasons, we grant the petition and quash the order of April 24, 2012, in order that the trial court may correctly compel the respondent’s testimony subject to the State’s grant of immunity.
Petition granted; order quashed.

. The transcript of the in camera hearing was filed here under seal.

. The respondent's counsel first requested an in camera hearing without a court reporter, but ultimately assented to the presence of the court reporter and transcription of the hearing.

. The sealed transcript of the in camera hearing of April 13, 2012, not only fails to establish any articulable category of inculpation that might exceed the scope of the respondent’s immunity, it also fails to explain the respondent’s blanket invocation of the Fifth Amendment privilege as opposed to a question by question response.

.Any prior statement that hypothetically may have been untruthful is not protected now and is unaffected by the statutory immunity granted. State v. Richards, 457 So.2d 1124, 1125 (Fla. 3d DCA 1984).