929 So.2d 622 (2006)
George C. HIBBERT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1045.
District Court of Appeal of Florida, Third District.
May 10, 2006.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and William J. Selinger, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN, and FLETCHER, JJ.
PER CURIAM.
George Hibbert ("Hibbert"), appeals his judgment and sentence for direct criminal contempt. We reverse.
Florida Rule of Criminal Procedure 3.830 requires the trial judge to inform the defendant of the accusation of criminal contempt and inquire whether the defendant has cause to show why he should not be held in contempt and sentenced. See Fla. R.Crim. P. 3.830. Rule 3.830 also requires the trial judge to give the defendant the opportunity to present evidence of excusing or mitigating circumstances before the sentencing. See Fla. R.Crim. P. 3.830.
Here, the trial judge asked Hibbert to show cause why he should not be held in direct criminal contempt. However, the trial judge did not give Hibbert an opportunity to present evidence of mitigating circumstances or to discuss why the trial judge should or should not impose a particular *623 sentence. Thus, the trial judge failed to follow the procedural requirements, which is fundamental error. See Garrett v. State, 876 So.2d 24 (Fla. 1st DCA 2004).
Accordingly, we reverse the trial court's judgment and sentence for proper criminal contempt proceedings.
Reversed and remanded.