937 So.2d 209 (2006)
Gerardo BONET, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-530.
District Court of Appeal of Florida, Third District.
September 1, 2006.
*210 Bennett H. Brummer, Public Defender; Carlos F. Gonzalez, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.
WELLS, J.
Gerardo Bonet seeks reversal of three convictions for direct criminal contempt which occurred at the start of his trial, as well his convictions for aggravated stalking, violation of an injunction against domestic violence, attempted burglary, and criminal mischief, which followed. We reverse the contempt convictions but affirm Bonet's convictions on the remainder of the charges.
We agree with Bonet that the trial court improperly convicted and sentenced him for three instances of contempt because it failed to comply with Rule 3.830 of the Florida Rules of Criminal Procedure. As this Court observed in Hibbert v. State, 929 So.2d 622, 622 (Fla. 3d DCA 2006):
Florida Rule of Criminal Procedure 3.830 requires the trial judge to inform the defendant of the accusation of criminal contempt and inquire whether the defendant has cause to show why he should not be held in contempt and sentenced. See Fla. R.Crim. P. 3.830. Rule 3.830 also requires the trial judge to give the defendant the opportunity to present evidence of excusing or mitigating circumstances before the sentencing. See Fla. R.Crim. P. 3.830.
As the State candidly concedes, the trial court failed to comply with these procedural requirements mandating reversal of these three contempt judgments. See Hutcheson v. State, 903 So.2d 1060, 1062 (Fla. 5th DCA 2005) ("failure to follow the procedural requirements [of Rule 3.830] in contempt proceedings is fundamental error"); Garrett v. State, 876 So.2d 24, 25-26 (Fla. 1st DCA 2004) (confirming that "preservation of error is not required because any defect in [a Rule 3.830] contempt proceeding is fundamental error").
We do not, however, agree with Bonet that the trial court's denial of his request for a new attorney mandates reversal of the remainder of his convictions. The trial court conducted an inquiry which sufficiently addressed each of Bonet's concerns and then properly found trial counsel competent to proceed. See Nelson v. State, 274 So.2d 256, 258-259 (Fla. 4th DCA 1973).[1] On the record before us, no *211 abuse of discretion has been demonstrated. See Wilson v. State, 889 So.2d 114, 117-118 (Fla. 4th DCA 2004), citing, Moore v. State, 778 So.2d 1054, 1056 (Fla. 4th DCA 2001).
Accordingly, the three direct criminal contempt convictions are reversed and remanded for proceedings mandated by Rule 3.830; Bonet's convictions for aggravated stalking, violation of an injunction against domestic violence, attempted burglary, and criminal mischief are affirmed.
NOTES
[1] Nelson, 274 So.2d at 258-259 explains:

[W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.