944 So.2d 417 (2006)
Jarvis Ramon HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-458.
District Court of Appeal of Florida, Fifth District.
October 27, 2006.
Rehearing Denied December 20, 2006.
*418 Terrence E. Kehoe of Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
LAWSON, J.
We grant rehearing, vacate our original decision, and substitute the following.
Jarvis Ramon Haynes appeals from an order holding him in direct criminal contempt and sentencing him to six months of incarceration. Appellant contends that there was insufficient evidence to prove that he was in direct criminal contempt for failure to testify and that his direct contempt conviction must be vacated because the trial court failed to comply with the procedural requirements of Florida Rule of Criminal Procedure 3.830. We disagree and affirm the finding of contempt. However, because the trial court did not provide Appellant with an opportunity to offer evidence or argument in mitigation before pronouncing the contempt sanction, we vacate the sentence and remand for a new sentencing proceeding.
On May 10, 2005, the State filed an indictment against Appellant, Charlie Hamilton and Taveress Webster, charging each with felony murder in the first degree, robbery with a firearm, and dealing in stolen property. The State tried Appellant separately, and Appellant was found guilty of a lesser included offense of third-degree felony murder and guilty as charged on the remaining two counts.[1] As to the other two co-defendants, the State tried them together, and Appellant was subpoenaed to testify in that trial. During his short appearance as a witness, and at the contempt proceedings that followed, Appellant was represented by an experienced and well-regarded private criminal defense attorney.
At his co-defendants' trial, the following exchange occurred between Appellant and the court, after both the State and the court explained to Appellant that his testimony at trial was subject to immunity, and that it could not be used against him in the event his appeal was successful:
THE COURT: As to testifying here today and responding to the State's questions, what is your position?
APPELLANT: I'm going to exercise my Fifth Amendment right.
THE COURT: All right. So if the Court directs that you must respond and orders you to respond, your answer to that?

*419 APPELLANT: I'm going to exercise my Fifth Amendment right.
THE COURT: And if I direct, under the powers of the Court for Contempt of Court that you must respond, you understand that you could be exposed to a maximum 179 days incarceration as part of any sentence or disposition for refusing to respond? Do you understand that?
APPELLANT: Yes, I do. But I'm going to exercise my Fifth Amendment right also.
THE COURT: So under no terms, even if you're court-ordered by the Court to do so, you will not respond?
APPELLANT: Under no terms.
THE COURT: I am ordering you to testify truthfully; what is your response?

APPELLANT: I exercise my Fifth Amendment right.
THE COURT: Refusing to testify; is that right?
APPELLANT: Yes.
THE COURT: State ask anything?
PROSECUTOR: I would just ask that [Appellant] be held in contempt, Your Honor.
THE COURT: [Appellant] you've been advised by counsel. You've been explained in court as to your obligations to testify truthfully. The Court has ordered and directed you to respond. You have indicated that you will not respond even after court order. I do find that you're in violation of this Court's order, direct violation, and that you be sentenced as a direct violation, as a criminal contempt, in court, to 179 days in the Orange County Jail, and that this will be consecutive to any times that you're currently serving on any other offense.
(emphasis added). The trial court subsequently entered an order finding Appellant in direct contempt of court for refusing to testify. This appeal ensued.
First, Appellant contends that there was insufficient evidence to prove he was in direct criminal contempt for failure to testify as there is no proof that he was served with a valid subpoena.[2] The State correctly points out that Appellant's refusals to answer questions at his co-defendants' *420 trial were all made in the presence of the trial court and after extensive advice and warnings by the court and the prosecutor, and as such the trial court was within its discretion to summarily hold Appellant in direct criminal contempt.[3]See Fla. R.Crim. P. 3.830 ("A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court."); Costello v. Fennelly, 681 So.2d 926 (Fla. 4th DCA 1996) (holding use of court's contempt power to compel testimony is proper); Pendley v. State, 392 So.2d 321 (Fla. 1st DCA 1980) (recognizing that when a defendant's refusal to testify occurs during an ongoing trial, the refusal disrupts and frustrates an ongoing proceeding and summary contempt must be available to vindicate the authority of the court); McDonald v. State, 321 So.2d 453 (Fla. 3d DCA 1975) (concluding the trial court acted properly in dealing summarily with appellant's refusal to testify).
Alternatively, Appellant contends his direct contempt conviction must be vacated because the trial court failed to comply with the procedural requirements of Florida Rule of Criminal Procedure 3.830. More specifically, Appellant contends the trial court failed to give him an opportunity to show cause why he should not be held in contempt and failed to make any findings of fact. As to the contention that the trial court failed to give Appellant an opportunity to show cause why he should not be held in contempt, the colloquy between the trial court and Appellant reveals that the trial court on two occasions gave Appellant the opportunity to show cause why he should not be held in contempt. The court first asked Appellant for an answer as to why he refused to follow the court's order to testify, then asked essentially the same question again. Although the trial court did not use the words "show cause," technical deviations from the procedural rule on direct criminal contempt may be excused on consideration of the totality of the record. E.g., Walker v. State, 559 So.2d 1164 (Fla. 4th DCA 1990) (recognizing that a judgment of contempt is generally entitled to a presumption of correctness and that technical deviations from Florida Rule of Criminal Procedure 3.830 may be excused upon consideration of the totality of the record).
We also find Appellant's contention that the trial court failed to make any findings of fact to be without merit. The trial court's written order states: "Witness Jarvis Haynes, DOB 8/19/1977, inmate # 05049672, was found in direct contempt of court for refusing to testify." This was a sufficient recital of the facts upon which Appellant's adjudication of guilt was based. Cf. Hutcheson v. State, 903 So.2d 1060 (Fla. 5th DCA 2005) (holding trial court's order which failed to include any recitation of facts upon which the direct criminal contempt adjudication was based did not comply with the requirement of rule 3.830).
However, the trial court did err by failing to permit Appellant to present evidence in mitigation, as authorized by rule 3.830. This is fundamental error. See, e.g., Hibbert v. State, 929 So.2d 622 (Fla. 3d DCA 2006). We believe that the proper remedy under the facts of this case is reversal of the sentence and remand for a new sentencing proceeding.
Accordingly, we affirm the judgment of contempt, reverse the sentence, and remand for re-sentencing.
*421 JUDGMENT OF CONTEMPT AFFIRMED; REVERSED and REMANDED FOR RE-SENTENCING.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Appellant's appeal of his convictions for third-degree felony murder, robbery with a firearm and dealing in stolen property is pending before this court.
[2] The State presented a return of service for filing, which counsel objected to on hearsay grounds, citing Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We do not believe that Crawford has any application here, because the return of service was not used as part of the criminal contempt proceeding itself. "[A] return of service which is regular on its face is presumed valid unless clear and convincing evidence is presented to the contrary. Furthermore, a defendant cannot impeach a summons by simply denying service, but must present `clear and convincing evidence' to corroborate his denial of service." Lazo v. Bill Swad Leasing Co., 548 So.2d 1194, 1195 (Fla. 4th DCA 1989) (citations omitted). Appellant did not deny that he had been served, much less attempt to make the showing required to impeach a return of service. Therefore, the trial court was justified in determining that the State's subpoena provided immunity, and in ordering Appellant to testify. At that point, the return of service was no longer relevant. Once the court ordered him to testify based upon the State's representation that immunity had been provided, none of the testimony provided could have been used against Appellant. See Grant v. State, 832 So.2d 770, 773 n. 1 (Fla. 5th DCA 2002) ("[A] promise of use immunity is binding and the State is `prohibited from making any such use of compelled testimony and its fruits.'") (quoting Murphy v. Waterfront Comm., 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964)). It was only after Appellant refused to comply with the trial court's order that contempt proceedings were initiated. Significantly, Appellant was held in contempt for refusing to obey the court's order, not for failure to appear in compliance with the subpoena.
[3] E.g., Thomas v. State, 752 So.2d 679 (Fla. 1st DCA 2000) (recognizing that an appellate court reviews an order of direct criminal contempt under an abuse of discretion standard).