954 So.2d 1185 (2007)
Donald O. CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1015.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
*1186 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Following a traffic stop, Donald O. Carter was charged with possession of cocaine and driving without a license. A jury found Carter guilty as charged. Thereafter, during his sentencing hearing, the judge held Carter in direct criminal contempt as a consequence of his failure to appear for an earlier docket call, sentencing him to time served. In this appeal, Carter challenges the sufficiency of the evidence supporting his conviction for possession of cocaine and the contempt. We affirm the possession of cocaine conviction without further comment. We find merit, however, in Carter's claim concerning the contempt adjudication.
"Criminal contempt is a crime" and guilt must be proven beyond a reasonable doubt. Forbes v. State, 933 So.2d 706, 712 (Fla. 4th DCA 2006). To establish criminal contempt, the evidence must establish a "willful act or omission calculated to embarrass or hinder the court or obstruct the administration of justice." Id. "There must be proof that the accused intended to hinder or obstruct the administration of justice." Id. Such intent can be inferred from the accused's actions. See id. We have reviewed the record in this case and find the evidence was insufficient to demonstrate Carter willfully failed to appear before the court. Carter's sworn testimony that his court-appointed attorney told him he did not need to attend the docket call was unrebutted in the record.
Affirmed in Part and Reversed in Part.
STEVENSON, C.J., KLEIN and SHAHOOD, JJ., concur.