GERBER, J.
We reverse G.G.J.’s adjudication for direct criminal contempt of court for failure to appear at a docket call. An appellate court reviews an order of direct criminal contempt under an abuse of discretion standard. Haynes v. State, 944 So.2d 417, 420 n. 3 (Fla. 5th DCA 2006) (citation omitted). An order of direct criminal contempt for failure to appear requires a showing that the failure to appear was willful. Carter v. State, 954 So.2d 1185, 1186 (Fla. 4th DCA 2007). The state presented no evidence that G.G.J. willfully failed to appear. Therefore, the circuit court abused its discretion in holding G.G.J. in direct criminal contempt.[1]

Reversed.

TAYLOR and LEVINE, JJ., concur.

. Normally, "[d]irect criminal contempt results from conduct committed in the actual presence of the judge." Fiore v. Athineos, 9 So.3d 1291, 1292 (Fla. 4th DCA 2009). However, we have held that a defendant who fails to appear may be summarily punished for direct criminal contempt after failing to provide an adequate excuse for the nonappearance. Woods v. State, 600 So.2d 27, 29 (Fla. 4th DCA 1992) (citing Aron v. Huttoe, 258 So.2d 272 (Fla. 3d DCA 1972), adopted, 265 So.2d 699 (Fla. 1972)). But see Kelley v. Rice, 800 So.2d 247, 252-53 (Fla. 2d DCA 2001) (disagreeing with Woods' interpretation of Aron, and holding that a failure to appear may be punished as indirect criminal contempt).