FERNANDEZ, J.
Guillermo Castaneda appeals his judgment of conviction and sentence for direct criminal contempt. We reverse because the trial court failed to give Castaneda the opportunity to present evidence of mitigating circumstances.
It is clear from the record that Castaneda’s behavior was contemptuous, and we do not disturb this aspect of the trial court’s determination. Castaneda, however, was entitled to an opportunity to present evidence of excusing or mitigating circumstances before the trial court imposed its sentence.
Florida Rule of Criminal Procedure 3.830 outlines the requirements for an adjudication and sentence for direct criminal contempt. The trial court must follow six steps in order to comply with rule 3.830:
1. Direct criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court.
2. The judgment of guilt shall include a recital of those facts upon which the adjudication of guilt is based.
3. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of con *863 tempt by the court and sentenced therefor.
4. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.
5. The judgment shall be signed by the judge and entered of record.
6. The sentence shall be pronounced in open court.
See Al-Hakim v. State, 53 So.3d 1171, 1173 (Fla. 2d DCA 2011); J.A.H. v. State, 20 So.3d 425, 427 (Fla. 1st DCA 2009); Fisher v. State, 482 So.2d 587, 588 (Fla. 1st DCA 1986).
Here, the trial court did not comply with step four. The trial court asked Castaneda if he could think of any reason why he shouldn’t be put in jail for using the kind of language he used and for his behavior. The trial court, however, failed to give Castaneda the opportunity to present evidence to mitigate his sentence. Consequently, the trial court failed to follow the mandates of rule 3.830. This rule “define[s] the essence of due process in criminal contempt and must be scrupulously followed.” Bouie v. State, 784 So.2d 521, 523 (Fla. 4th DCA 2001). Failure to scrupulously follow the rule constituted fundamental error. Bonet v. State, 937 So.2d 209, 210 (Fla. 3d DCA 2006); Hibbert v. State, 929 So.2d 622, 623 (Fla. 3d DCA 2006); Garrett v. State, 876 So.2d 24, 25 (Fla. 1st DCA 2004).
We therefore reverse Castaneda’s sentence for direct criminal contempt and remand to the trial court for proper criminal contempt proceedings. If Castaneda has already served his sentence, the trial court shall not interpret our opinion to require that Castaneda be brought back into custody for resentencing. Should the trial court determine that it wishes to reinstate the judgment of contempt, the trial court shall conduct a hearing, upon proper notice to Castaneda, and give him an opportunity to present mitigating or excusing evidence. If Castaneda fails to appear for this hearing after proper notice, the trial court may re-enter the judgment, having determined that Castaneda waived the opportunity to present mitigating evidence.
Reversed and remanded.