FERNANDEZ, J.
Mickey Woodson appeals his conviction and six-month sentence for direct criminal contempt based on the trial court’s failure to comply with the procedural requirements of Florida Rule of Criminal Procedure 3.830. We reverse.
It is clear from the record that Wood-son’s conduct was contemptuous, as he showed substantial disrespect for the court and continued to use expletives in defiance of the court’s instruction to calm down so that the court could explain the circumstances that led to revocation of his pretrial release. However, as the State graciously concedes, the court failed to adhere to the strict requirements of rule 3.830 *868 when it conducted the contempt proceeding and pronounced sentence.
We outlined the steps that must be taken to comply with the requirements of rule 3.830 in Castaneda v. State, 77 So.3d 862 (Fla. 3d DCA 2012). The procedural requirements are as follows:
1. Direct criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court.
2. The judgment of guilt for contempt shall include a recital of those facts upon which the adjudication of guilt is based.
3. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against him or her and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor.
4. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances [before sentencing],
5. The judgment shall be signed by the judge and entered of record.
6. The sentence shall be pronounced in open court.
Id. at 862-63. Failure to strictly comply with the requirements of the rule constitutes fundamental error. Bonet v. State, 937 So.2d 209, 210 (Fla. 3d DCA 2006); Hibbert v. State, 929 So.2d 622-23 (Fla. 3d DCA 2006); Garrett v. State, 876 So.2d 24, 25 (Fla. 1st DCA 2004). Because the court did not provide Woodson with an opportunity to present evidence of excusing or mitigating circumstances, the judgment of guilt for direct criminal contempt must therefore be reversed.
Reversed and remanded for further proceedings.