EMAS, J.
Emmanuel Charlemagne appeals the trial court’s judgment of guilt, and six-month sentence, for direct criminal contempt. Charlemagne contends that his conduct was not contumacious and, alternatively, that the trial judge failed to comply with the requirements of Florida Rule of Criminal Procedure 3.830.
We affirm without further discussion the trial court’s determination that Charlemagne engaged in contumacious conduct. However, and as the State properly concedes in its brief, the trial court failed to afford the defendant an opportunity, prior to sentencing, “to present evidence of excusing or mitigating circumstances.” See Fla. R.Crim. P. 3.830. Given the unique nature of direct criminal contempt proceedings, the trial court must scrupulously honor the requirements of rule 3.830 to safeguard a contemnor’s right to procedural due process. The failure to strictly comply with the requirements of rule 3.830 constitutes fundamental error. Woodson v. State, 109 So.3d 866 (Fla. 3d DCA 2013) and cases cited therein. Because the trial court failed to provide Charlemagne an opportunity to present evidence of excusing or mitigating circumstances before adjudicating him guilty and imposing sentence, we reverse the judgment and sentence and remand for further proceedings consistent with this opinion.