CONNER, J.
Because J.D.J. was fifteen minutes late to court, he was found in direct criminal contempt and given five additional days in secure detention.[1] Willfulness is required for an individual to be detained or incarcerated for direct criminal contempt. Because the unrebutted facts demonstrate that J.D.J. did not have control over his arrival time, his tardiness could not have been willful; therefore, we reverse. Further, fundamental error is present when procedural rules governing due process for direct criminal contempt proceedings are not scrupulously followed. Florida Rule of Juvenile Procedure 8.150(a) requires a juvenile be given notice and an opportunity to be heard-including an opportunity to present evidence of excusing or mitigating circumstances. J.D.J. was not permitted to present such evidence; therefore, the trial court fundamentally erred. J.D.J. also argues that the trial court erred in failing to make sufficient findings of fact; we disagree and affirm on that issue without discussion.

Factual Background

At the hearing, the court called for J.D.J.; however, he was not yet present. J.D.J.’s mother, who had already arrived, explained that he was on his way to court from her daughter’s house. She further explained that she was unaware that he was going to be released from detention the night before his court date and because she was on medication she was unable to pick him up from the detention center.[2] Instead, his sister retrieved him from the detention center and kept him overnight. His cousin was supposed to drop him off at court that morning for the hearing. The mother further explained that she had called and J.D.J. had already left with his cousin, meaning they would be at court shortly. The court asked if there were any objections to finding that he had violated home detention. J.D.J.’s counsel responded that she would prefer to wait for her client to be present. However, the court explained that it had other things to do and would not wait.
The court moved onto a different case and later returned to J.D.J.’s case. At that point, he was present, and he was asked whether he was made aware of the court date when he was released from *231 detention the previous night. J.D.J. responded in the affirmative. The court inquired as to why he was fifteen minutes late to court, and J.D.J. responded that he was at his sister’s house and had to find a ride to the courthouse in Martin County from Fort Pierce. He explained that as soon as he woke up he called his cousin to come pick him up, but initially there was no answer.
J.D.J. was found in direct criminal contempt for his tardiness. The trial court did not make lengthy factual findings in its detention order; rather it merely explained that J.D. J. was to be detained for a total of ten days, five of which resulted from being late to court and the other five for violation of home detention.[3]

Analysis

Willfulness

It is an abuse of discretion for the trial court to find a juvenile in direct criminal contempt absent evidence of willful conduct. G.G.J. v. State, 28 So.3d 239 (Fla. 4th DCA 2010). The conduct must also demonstrate “the accused intended to hinder or obstruct the administration of justice.” Carter v. State, 954 So.2d 1185, 1186 (Fla. 4th DCA 2007). In Carter, we explained that where the unrebutted evidence demonstrates that a defendant was told by his court-appointed counsel that it was unnecessary for him to attend docket call, there is insufficient evidence of willfulness to support a finding of direct criminal contempt. Id.
Circumstantial evidence may form a sufficient basis to demonstrate the necessary intent. Forbes v. State, 933 So.2d 706, 712 (Fla. 4th DCA 2006). In certain cases, this means that the action which leads to the finding of contempt may itself infer willfulness. Id. In Forbes, as a member of a venire, the defendant was given specific instructions on how to answer questions, and placed under oath; he failed to raise his hand when a truthful answer would have required him to do so. Id. And, when directly questioned, he answered falsely. Id. We held that in such circumstances, it is proper to infer the intent to obstruct the administration of justice and find willfulness. Id. At 713. Therefore, we affirmed the trial court’s criminal contempt order because it was supported by sufficient evidence. Id.
Unlike the facts in Forbes, the instant facts alone do not lead directly to the conclusion that J.D.J.’s tardiness was willful. Rather, the unrebutted facts demonstrate that he lacked control over his arrival time. Without a driver’s license, J.D.J. could not drive himself to court and there is nothing in the record to suggest the courthouse was within reasonable walking distance. It is not reasonable to expect a fifteen-year old to engage a cab to get to court. No facts indicated J.D.J. was dragging his feet getting to court. Because the facts of this case fall more in line with those of Carter, 954 So.2d at 1186, where unrebutted testimony demonstrated that the defendant did not voluntarily make the choice to ignore the trial court’s orders, we agree with J.D. J. that the evidence did not sufficiently demonstrate willfulness. Therefore, we find that the trial court erred and reverse.

Due Process

Because J.D.J. failed to object to insufficient notice of the contempt proceéd-ing, error arising out of failure to give notice would have to be fundamental to be reversible. See Castaneda v. State, 77 *232 So.3d 862, 863 (Fla. 3d DCA 2012) (applying the equivalent adult standard of direct criminal contempt). However, failure to scrupulously follow the mandates of the procedural rule which guides the court in providing due process to a defendant charged with direct criminal contempt is fundamental error. Id.
Where the act giving rise to contempt occurs in the actual presence of the court, Florida Rule of Juvenile Procedure 8.150(a) specifically requires notice, an opportunity to be heard, and a recital of the facts upon which the court’s determination is based. Rule 8.150(a) expressly mandates that the opportunity to be heard includes an opportunity to present evidence of excusing or mitigating circumstances.
At no point did the trial court conduct an evidentiary hearing on contempt or allow J.D.J. the opportunity to present evidence of excusing or mitigating circumstances. Instead, the trial court developed the facts of the situation by asking questions and soliciting unsworn answers. As such, fundamental error occurred.
Having concluded the facts were insufficient to support a finding of willfulness and applicable rules of juvenile procedure were not followed, we reverse the part of the order adjudicating J.D.J. in direct criminal contempt and imposing five days of detention for contempt for failure to appear.

Reversed.

DAMOORGIAN, C.J., and CIKLIN, JJ., concur.

. We have held that a defendant who fails to appear may be summarily punished for direct criminal contempt after failing to provide an adequate excuse for the nonappearance. Woods v. State, 600 So.2d 27, 29 (Fla. 4th DCA 1992) (citing Aron v. Huttoe, 258 So.2d 272 (Fla. 3d DCA 1972), adopted, Aron v. Huttoe, 265 So.2d 699 (Fla.1972)). But as we noted in G.G.J. v. State, 28 So.3d 239, 240 n. 1 (Fla. 4th DCA 2010), the Second District disagrees with our position. See Kelley v. Rice, 800 So.2d 247, 252-53 (Fla. 2d DCA 2001) (disagreeing with Woods' interpretation of Aron and holding that a failure to appear may be punished as indirect criminal contempt).

. The detention center serving Martin County is located at Fort Pierce in the adjoining county, St. Lucie County.

. No issue is raised on appeal concerning the propriety of the five days imposed for violation of home detention.