# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1309
_____

DON PLUMMER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

September 25, 2019

B.L. THOMAS, J.

Appellant challenges the lower court's order finding him guilty of direct criminal contempt for filing fraudulent construction liens.

Appellant filed an action to quiet title to real property in Duval County. Appellant had previously filed a construction lien claiming that he had done landscaping and yard improvements to the subject property and that the owner of the property owed him $6,500 to reimburse him for work performed.

At a hearing on Appellant's complaint, Appellant informed the court that he had repaired the floor of the subject property and had maintained the yard of the subject property for approximately eight months but admitted that he had no contract with any of the property owners to perform the work. Appellant testified that he

had been unable to find the officers of the corporation who owned the property and had been able to enter the property because the back door was "already breached."

The court presented Appellant with records of other construction liens on abandoned property filed by a corporation of which Appellant was president. Appellant admitted that the other houses, for which he had filed construction liens, were also abandoned, and he had made repair and done landscaping work on those without authorization from the property owner as well. Appellant stated that he thought he didn't need an agreement with the property owners because "it was more of an acquiescence by default situation."

The court stated that "what's being done here is fraud, and there is just no two ways about it." The court found Appellant in contempt of court for filing fraudulent liens on the property that was the subject of Appellant's claim and on the property named in the liens the court had found through its own research. The court stated it would enter a separate order striking the other claims of lien from the public record and enter an injunction preventing Appellant from filing more liens without judicial approval.

The court entered an order of contempt, finding Appellant guilty of contempt of court for "in court and under oath fraudulently requesting the relief of Quieting Title to the Property."

*Analysis*

"To establish criminal contempt, the evidence must establish a 'willful act or omission calculated to embarrass or hinder the court or obstruct the administration of justice.'" *Carter v. State*, 954 So.2d 1185, 1186 (Fla. 4th DCA 2007) (quoting *Forbes v. State*, 933 So.2d 706, 712 (Fla. 4th DCA 2006)).

"A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed *in the actual presence of the court*." Fla. R. Crim. P. 3.830 (emphasis added).

> In order to qualify as direct criminal contempt, . . . the misconduct must have occurred in open court, in the presence of the judge, [and] disturb[ ] the court's

2

business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority ... before the public.

*Plank v. State*, 190 So. 3d 594, 601 (Fla. 2016) (internal quotations omitted).

While the court found in its order that Appellant fraudulently requested relief "in court and under oath," Appellant argues, and the State concedes, that the court's finding of direct criminal contempt relied largely on filings that were not before the court, and the order was not based on misconduct committed in the court's presence. The court's summarily finding Appellant guilty of direct criminal contempt was improper.

REVERSED.

LEWIS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

John M. Merrett, Jacksonville, for Appellant.

Ashley Moody, Attorney General, Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.